The American Salt Company v. S. Heidenheimer et al.

No. 3052.

1. **Corporation De Facto.**—A private corporation *de facto* is one not legally constituted but organized and operated under color of law.

2. **Same — Fact Case.** — The Texas Salt Company filed a charter with the Secretary of State. On its face it was stated that two of those signing as corporators were residents of the State. The Secretary of State gave the necessary certificate to the articles of incorporation. It acted as such for a number of years. In fact none of the incorporators were citizens of the State, and upon that ground the charter was forfeited by proceedings in name of the State. While in operation parties in good faith bought stock in it. In litigation to make such parties liable as partners, *held*, that the facts presented a case of a *de facto* corporation.

3. **Bona Fide Holders of Stock in a De Facto Corporation.**—Bona fide shareholders in a *de facto* corporation are not responsible for its debts. See discussion of cases.

4. **Limitation.**—That defendants, members of a corporation, had withdrawn the assets of the concern, leaving the debts due plaintiff unpaid, is a cause of action barred by limitation after four years.

5. **Practice in Supreme Court.** — One of several defendants filed no answer in the court below. The others made successful defenses and judgment was in favor of all the defendants. *Held*, error as to the defendant who failed to answer. The judgment below is affirmed save as to the defendant not answering, and as to him reversed and rendered here against him.

Appeal from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion gives a statement.

*Waul & Walker*, for appellant.—1. Persons associated in business under void articles of incorporation, doing business under the name of a company, and enjoying the profits of the business, are liable as partners. The liability of partners upon the contracts of the association attaches to them by law. Field v. Cooks, 16 La. Ann., 153; Winship v. Bank U. S., 5 Pet., 529; Garnett v. Richardson, 35 Ark., 145; Hurst v. Salisbury, 55 Mo., 310; Hess v. Wirts, 4 S. and R., 362; Shamburg v. Ruggles, 83 Pa. St., 148; Park Bank v. Nichols, 2 Biss., 146; Bigelow v. Gregory, 73 Ill., 197; Coll. on Part., pp. 15, 1291.

2. Retiring partners are liable for obligations incurred while associated together in the joint enterprise; so as to those engaged in a joint enterprise enjoying mutual profits, though not strictly partners. Appellees being associates and partners in August, 1883, when the contract was made, were bound by its terms and could not escape liabilities by withdrawing their capital during its existence. Stephens & Andrews v. Gainesville Bank, 62 Texas, 499; Coons v. Renick, 11 Texas, 134; Burnley v. Rice, 18 Texas, 494; Roberson v. Tonn, 76 Texas, 535.

3. As partners are all liable on contracts made during their association, though the vendor does not know of the existence of the firm

or who compose it, and so if the business is carried on under a name not revealing the names of the joint contractors, to escape liability from even subsequently contracted debts the retiring partner must give notice to persons theretofore dealing with the firm.  Devine v. Martin, 15 Texas, 31; Franklin v. Hardie, 1 Ct. App. C. C., sec. 1221; Laird v. Ivans, 45 Texas, 621; Dunham v. Buckley, 1 U. C., 548; Reynolds v. Cleveland, 4 Cowan, 282; Poorasnik v. Martin Co., 25 Ill., 300.

4.  As matter of law, if appellees did believe they were incorporated their liability is the same.  Their being associated in the business with joint capital invested on August 13, 1883, the date of the contract, and receiving the value of their capital stock out of the corpus of the association, besides dividends during the existence of the contract, render them liable upon it.  Whether stockholders in good faith or otherwise, they are liable on the contract as partners.  Cook on Stockholders, secs. 233, 234, 508, and notes; Frost v. Walker, 60 Maine, 468; Farnum v. Patch, 60 N. H., 294; Lewis v. Tilton, 64 Iowa, 220; Shamburg v. Abbott, 4 Atl. Rep., 518; Manning v. Gasharie, 27 Ind., 400; Railway v. Pearson, 128 Mass., 445; Whipple v. Parker, 29 Mich., 370, 380; Cutler v. Estate of Thomas, 25 Vt., 73; Gott v. Dinsmore, 111 Mass., 45; Shamburg v. Ruggles, 83 Pa. St., 148; Davidson v. Holden, 10 Atl. Rep., 515; Kramer v. Arthur, 7 Pa. St., 165; Clegg v. Hamilton, 61 Iowa, 126; Indianapolis v. Herkemer, 46 Ind., 142; Bigelow v. Gregory, 73 Ill., 197.

5.  A creditor seeking to enforce his debt is not estopped because theretofore having dealt with the parties as a corporation.  The principle of estoppel applies to debtors seeking to avoid liability or who are repudiating a contract, not to creditors seeking to enforce an obligation.  Cook on Stockholders, sec. 233; Chaffe v. Ludeling, 27 La. Ann., 607; Lawferty v. Wheeler, 11 Abb. New Cases, 223; Bank v. London, 45 N. Y., 410; Ridenour v. Mayo, 40 Ohio St., 9; Lindl. on Part., 182; Thomp. on Stockholders, secs. 5, 7, 75; In the matter of the Reciprocity Bank, 22 N. Y., 9.

*M. E. Kleberg* and *Davidson & Minor*, for appellees.—1. The judgment of the court below should be affirmed, because it found as a matter of fact and law that appellees Isaac Heidenheimer, Marks Marx, and Harris Kempner purchased in good faith and for value their stock in said corporation styled the Texas Salt Company, after the same was incorporated; said act of incorporation was *prima facie* legal and in all things regular, and said Heidenheimer, Marx, and Kempner had no knowledge of any alleged defect in the act of said incorporation or that the same was incorporated for any unlawful purpose, and being *bona fide* stockholders in said company were not liable for its debts as partners or otherwise, though said company may in law never have

been legally incorporated.     2 Mora. on Corp., 748; Nowbridge v. Noble, 7 Cush., 188; Bank v. Stone, 38 Mich., 779; Bank v. Almy, 117 Mass., 476; Bank v. Padgett, 69 Ga., 159.

2.    The court below found as matter of fact and law that appellees S. Heidenheimer, Marks Marx, and Harris Kempner were stockholders in good faith in said company, and that their acts in the sale of their said stock were not wrongful or illegal, and that by reason of said sales they incurred no liability to appellant herein.   City Bank v. Bruce, 17 N. Y., 507; Lumber Co. v. Foster, 47 Iowa, 25.

3.    The court below found as a matter of fact and law that the causes of action set up by appellant in its first amended original petition and first supplemental petition, wherein appellant sought to hold appellees liable individually and for the alleged misappropriation and withdrawal from the Texas Salt Company of its capital, were barred by the statute of limitations.   Rev. Stats., art. 3205; Williams v. Random, 10 Texas, 74; Carter v. Reynolds, 6 Texas, 561; Ayers v. Cayce, 10 Texas, 99; Wooldridge v. Hathaway, 45 Texas, 380; Woods v. Huffman, 64 Texas, 98; DeWalt v. Snow, 25 Texas, 320.

4.  ·  The court below found as a matter of fact and law that appellant made the contract sued on herein with the Texas Salt Company as a corporation, and not with appellees as partners, and that appellant having so dealt with said Texas Salt Company was estopped from alleging or claiming the contrary thereof.   2 Mora. on Corp., sec. 748; Blanchard v. Kaull, 44 Col., 440; Bank v. Palmer, 47 Conn., 443.

GAINES, Associate Justice.—On August 13, 1881, there was filed in the office of the Secretary of State what purported to be a charter of a private corporation to be known as the Texas Salt Company.    It was in all respects regular upon its face.    It was signed by three corporators, two of whom appeared in the body of the instrument to be residents of the State of Texas.    In point of fact neither of the three were citizens of the State at the time the pretended charter was filed; and because of that fact on the 21st day of November, 1889, it was adjudged void at the suit of the State by the District Court of Galveston County. In March, 1882, appellees Heidenheimer, Kempner, and Marx each bought stock in the alleged corporation, but neither were ever directors or officers in it.    Neither of them participated in any manner in the organization of the .company.    In May, 1884, they sold their stock. But during the time that they were stockholders a contract was entered into between that company and the appellant corporation by which the latter agreed to sell to the former fifty thousand sacks of salt.at a stipulated price per sack, delivered within twelve months in car load lots at intervals to suit the trade.    All salt delivered up to July, 1884, was paid for.    But during that and the succeeding month salt was delivered under the contract for which no payment was ever made.    There was also

a debt contracted by the Texas Salt Company for the rent of a house leased to it by appellant.

On the 11th day of March, 1886, the appellant brought this suit against appellees Heidenheimer, Marx, and Kempner, and against one Ranger, whom the evidence shows to have been one of the original stockholders of the pretended corporation. The petition alleged that the defendants were partners doing business under the name of the Texas Salt Company, and sought a recovery against each of them as such for the salt which had been delivered under the contract above mentioned and for which payment had not been made, and also for the rent alleged to be due. On the 16th day of January, 1889, an amended petition was filed, which was not materially different from the original petition. It contains a denial that the Texas Salt Company was legally incorporated—an allegation not contained in the original petition. The defendants Heidenheimer, Marx, and Kempner having answered, alleging that the company was a corporation and that therefore they were not liable for its debts. On the 13th day of March, 1889, the plaintiff filed a supplemental petition alleging among other things that in 1884 the defendants withdrew the capital stock of the company and divided it among themselves, and that they thereby rendered themselves liable to pay the plaintiff's debt. To this petition all the defendants except Ranger pleaded the statute of limitations. The case was tried by the judge without a jury and judgment was given for the defendants.

The determination of two questions is decisive of the case upon this appeal: 1. Were the defendants liable as partners? and, 2. Was the the cause of action, if it be one, set up in the supplemental petition barred by the statute of limitations?

We are of the opinion that the evidence shows that the Texas Salt Company was not legally incorporated, but that until the pretended charter was vacated it was a corporation *de facto.* The vice in the articles of incorporation filed in the office of the Secretary of State was that neither of the persons who signed the charter were citizens of the State of Texas. Rev. Stats., art. 568. The article cited provides that at least two of the subscribers to the charter of the intended incorporation must be citizens of the State; but it does not prescribe the officer by whom nor the means by which the fact of citizenship is to be determined. It would seem, however, that it is the duty of the Secretary of State to inquire into the question, and that if he finds no two of the subscribers are citizens of the State, he should decline to file the charter. It would also seem that if he decides wrongfully and declines to file a legal charter he may be compelled to do so by a writ of mandamus. But the matter which concerns us in this case is that the statute does not require that the citizenship of the subscribers to the charter shall appear upon the face of the instrument. The pretended charter in this case alleges that two of the subscribers are residents of the State of Texas, but does not

allege that either of them is a citizen. Such being the facts, we think there can be no question that we have a case of a corporation *de facto*—that is to say, not a corporation legally constituted, but a corporation organized and operated under color of the law. In addition to this there was evidence which authorized, if it does not compel, the court to conclude as a matter of fact that the defendants Heidenheimer, Marx, and Kempner became stockholders in the alleged corporation without any notice of the vice in its charter. The question then we have is: Can they be held liable as partners solely upon the ground that the corporation was not legally organized? Upon the question there is an apparent conflict in the decisions of the courts; but in our opinion the weight of authority is in favor of the proposition that they can not be held liable.

Persons who combine their capital for the prosecuting of a business venture are liable as partners for the debts of the concern unless they be protected from such liability by an incorporation under the law. Hence there is force in the argument that in order to shield themselves from responsibility they must show that the association has been legally incorporated. But on the other hand, where there is a law which authorizes the creation of a corporation for a particular purpose, where the charter is required to be prepared and signed by the corporators and filed with an officer of the State, and where all this has been done and the officer has received it and returned it with a certificate that it has been filed in his office as the statute required he should do, and when the business has been carried on without action on the part of the State to annul the pretended franchise, it would seem but reasonable and just that as between the association of the stockholders and third persons dealing with it, it should be held a corporation, although there may have been some illegality or irregularity in the manner of its organization. It is well settled that persons who deal with such a corporation *de facto* and become indebted to it are estopped from denying its existence as a legal corporation; and there is authority for holding that its creditors are also estopped from claiming against the stockholders as partners. Snider's Sons Co. v. Troy; 8 So. Rep., 650, and authorities cited. Whether that rule ought to be applied in a case in which the corporators have knowingly and intentionally violated the law in procuring a charter under a general law we need not decide; but we are clearly of the opinion that it is not a proper rule to be applied in a case like the present, in which it appears that stockholders who are sought to be held liable as partners bought their stock after the organization had been effected and under the belief that a legal corporation existed. That under such circumstances the stockholders of the alleged corporation can not be held liable as partners is substantially held in the following cases: Bank v. Stone, 38 Mich., 779; Fay v. Noble, 7 Cush.,188; Bank v. Padgett, 69 Ga., 164; Humphries v. Morney, 5 Col., 282; Central Bank

v. Walker, 66 N. Y., 424; Coal Co. v. Maxwell, 22 Fed. Rep., 197; Methodist Church v. Pickett, 19 N. Y., 482.

In several jurisdictions it has been held that a compliance with the requirement in a general incorporation law that the charter or article of incorporation shall be filed in the office of the Secretary of State or other office is a condition precedent to the establishment of a corporation *de jure*, and that without such compliance the association is without color of authority and can not be treated as a corporation *de facto*. Most of the cases relied upon in support of the proposition that the shareholders in a *de facto* corporation are liable as partners for its debts are cases of this character. Bigelow v. Gregory, 73 Illinois, 197, arose under a statute of Wisconsin which expressly prohibited the proposed corporation from doing business until the articles of association had been published in two newspapers and a certificate filed in the office of the Secretary of State. These acts had not been done when the indebtedness was contracted. In Abbott v. Smelting Company, 4 Nebraska, 416, the defendants were held liable because they had never filed their articles of incorporation with the county clerk as the law required. The opinion seems to concede that if that act had been done there would have been a *de facto* corporation and the defendants could not have been treated as partners. Ferris v. Thaw, 72 Missouri, 446, and Coleman v. Coleman, 78 Indiana, 344, were similar cases. Garnett v. Richardson, 35 Arkansas, 144, merely holds that for debts contracted before the company's articles are filed the members are liable as partners. In Redmons v. Mayo, 40 Ohio State, 9, the defendants were authorized by law to carry on a savings bank in which the depositors were stockholders, but carried on instead under the corporate name a general banking business upon wholly different principles. They were held liable as partners. Not one of these decisions is inconsistent with the views we have expressed upon the law as applicable to the case before us, and when properly considered we hardly think that they are authority for the proposition that the shareholders in a *de facto* corporation are responsible for its debts.

It follows that in our opinion the appellees can not be held liable as partners. We come then to the question whether the cause of action, if any, set up in the supplemental petition is barred by limitation. We are of the opinion that that inquiry must be resolved in the affirmative. In the original and amended petitions the plaintiff sought to recover upon the ground that there was no incorporation. In the supplemental petition a judgment was asked upon the ground that if there was a corporation the defendants had withdrawn its assets, leaving the plaintiff's debt unpaid. In the former the plaintiff says in substance, you are liable because being partners you promised to pay; in the latter it says, you are liable, not because you promised to pay, but because you appropriated the property to which I had a right to look for payment. The

former is an action upon a contract and the latter an action for a tort. They are not only distinct but inconsistent causes of action, in the sense that if one exists the other does not. We do not mean to intimate that they can not be joined in the same suit; we think that under our system they can. But this does not alter the fact that they are distinct causes of action and dependent in part upon a wholly different state of facts. The supplemental petition, in so far as it sought a recovery for an abstraction of the assets of the alleged corporation, set up a new cause of action, and not having been filed until more than five years from the time the alleged liability accrued was barred by limitation.

This renders it unnecessary to inquire whether the facts alleged in the supplemental petition in reference to the withdrawal of the assets of the pretended corporation were such as authorized a direct action in favor of a creditor against the defendants or not.

Ranger was served with a citation issued to Galveston County, but did not answer. The amended petition he was cited to answer shows a cause of action, and judgment should have been rendered against him by default. For the failure of the court to do so the judgment will be reversed as to him and here rendered in favor of appellant against him. As to the other appellees the judgment is affirmed. The appellant will recover its costs against Ranger. The other appellees will recover their costs against appellant.

*Affirmed save as to Ranger.*
*Reversed and rendered as to Ranger.*

Delivered March 24, 1891.