E. MILLER ET AL. v. JOHN G. TOD, SECRETARY OF STATE.

No. 1090. Decided April 7, 1902.

1.—Corporation—Charter—Growing Rice.

Subdivision 27 of article 624, Revised Statutes, in authorizing the creation of corporations for "the growing, selling, and purchasing of seeds," etc., contemplated only the growing and dealing in seed as seed, and did not warrant incorporation for growing rice, not so limited, but for the general market as a food product. (Pp. 407, 408.)

2.—Same—Incorporation for Unwarranted Purposes—Refusal to File Charter.

The Secretary of State could properly refuse to file a charter of a proposed corporation, to be created for several purposes, where incorporation for one of the purposes named was not warranted by law. (Pp. 408, 409.)

3.—Statutory Construction.

Where the meaning of a statute is doubtful, the policy of the measure is a matter to be considered by the courts. (P. 408.)

4.—Charter—Several Purposes, One Unauthorized.

Quaere, whether a charter of a corporation created for several purposes, one of which is unauthorized, is good as to the authorized purpose. (P. 409.)

Original application for writ of mandamus to the Secretary of State to compel him to file the charter of a proposed corporation.

*L. B. Moody,* for petitioners.—It would appear from the brief filed by the Attorney-General in this cause that the only reason he has for assuming that a corporation can be formed only for the purposes named in one subdivision of article 642 is that article 642 is subdivided into numbered paragraphs, and he knows of no other reason why the Legislature should have thus subdivided the article. To my mind this subdividing of the article is not indicative of any such legislative intention, but is merely for the purpose of convenient reference. It seems to me

that public policy requires that the purposes for which a corporation is formed ought to be such as are germane to each other, and I do not believe that a corporation ought to be authorized for separate and distinct purposes which have no relationship with each other, even though all of such purposes be found in one subdivision of the act. On the other hand, I believe that when the purposes for which it is desired to form a corporation are germane and are intimately related to each other, and are found in article 642, even though in separate paragraphs, that the formation of the corporation for such purposes is legal. There is no statutory provision to the contrary, and certainly no rule of public policy is thereby contravened. The only case cited by counsel in their brief is Williams v. Citizens Enterprise Company, 57 Northeastern Reporter, 581, which case is, I submit, not at all in point, for the reason that the Indiana statute under which it was decided divides the purposes for which corporations may be formed by the word "or," which is not true of the statute in this State, and the court held in that case that they could not substitute the word "and" for the word "or" used by the Legislature.

The primary purpose for which it is desired to form a corporation by petitioners herein is the growing of rice, and it is a matter of such public notoriety that it is necessarily incident to the business of growing rice that canals, flumes and laterals should be constructed for the purpose of irrigating the rice, that I take it this court has judicial knowledge of these facts. It seems to me that, if the only authority given in the charter was the growing of rice, the company would have the right to construct and operate such canals, flumes and laterals as an implied power necessary for the carrying out of the primary purpose of growing rice, and surely there could be no illegality in setting forth in the charter powers which the corporation would impliedly possess even though not set forth. Counsel seem to be of the opinion that because it is provided by subdivision 2 of article 643 that the charter must set forth the purpose for which it is formed, that this indicates that the corporation can have only one purpose. That such is not the case will appear from article 665, which provides that no corporation shall employ its stock, etc., for any other purpose whatever than to accomplish the legitimate objects of its creation. In the case of Hardware Company v. Manufacturing Company, 86 Texas, 163, this court held that the word "purpose" in this connection meant the business for which the corporation is carried on, and defined the word business as denoting the employment or occupation in which a person is engaged to procure a living, and signifying that which occupies the time, attention and labor of man for the purpose of a livelihood or profit.

It is stated by counsel in their brief that the purpose of growing, selling and purchasing of rice and other agricultural products is an entirely different purpose from the growing, selling and purchasing of seeds, plants, etc., for agricultural, horticultural and ornamental purposes. The only difference I can see is that the power asked is not as

broad as would be authorized by the words of the statute, but it is certainly embraced within it. It is a matter of universal knowledge that rice is a plant, and further, that its chief value is the seeds produced by it. Even if subdivision 27 were not contained in article 642, the growing of rice would certainly be authorized by subdivision 58, enacted by the Twenty-seventh Legislature, which provides for the organization of companies for growing and selling of fruits, vegetables and tobacco. If rice does not belong to the vegetable kingdom, then I am at a loss to know in which of the other kingdoms it could be placed.

I respectfully refer the court to the following authorities: Ginrich v. Mill Co., 21 Kan., 59; Leavitt v. Blatchford, 5 Barb., 9; Searight v. Payne, 74 Tenn., 283; Vandall v. Dock Co., 40 Cal., 83; Railway v. City of Bloomington, 76 Ill., 447; Morris, etc., Railway v. City of Newark, 10 N. J. Eq. (2 Stockt.), 352; Ellerman v. Railway and Union Stock Yards Co., 49 N. J. Eq. (4 Dick.), 217; Plank Road Co. v. Watertown, etc., Co., 5 Wis., 173.

I respectfully submit to the court that the question involved in the case at bar is one of very great public interest to the citizens of this State. The growing of rice is becoming one of the principal factors in the progress and development of the State, and if corporations are to be barred from engaging in the business of growing rice this progress will be very greatly hindered and retarded. It seems to me that public policy requires that such construction should be given to the statute as will authorize the organization of corporations for this purpose, and it would be idle to form corporations for the purpose of growing rice and deny to them the power to construct the necessary canals, flumes and laterals without which the rice can not be grown.

*C. K. Bell,* Attorney-General, and *T. S. Reese,* Assistant, for respondent.—No business can be carried on by persons as a corporation under the incorporating act unless that particular business is specified therein. 1 Cook on Corp., sec. 236.

Subdivision 27 of article 642 of the Revised Statutes reads as follows: "The growing, selling and purchasing of seeds, plants, trees, etc., for agricultural, horticultural and ornamental purposes, and to purchase and lease all lands necessary for that purpose."

It will be observed that this subdivision only authorizes the formation of a corporation for the purpose of the growing, selling and purchasing of seeds, plants, trees. etc., for agricultural. horticultural and ornamental purposes, whereas it is sought by relators to incorporate a company for an entirely different purpose, viz., for the purpose of the growing, selling and purchasing of rice and other agricultural products.

Article 642 of the Revised Statutes enumerates the purposes for which private corporations may be formed and separates such purposes by appropriate subdivisions. Art. 643 provides that the charter must set forth. " * * * 2. The purpose for which it is formed."

The Legislature, by separating the different purposes for which cor-

porations may be created and prescribing that the charter must set forth the purpose for which the corporation is formed, clearly intended that a corporation could be formed for only one of the purposes mentioned; otherwise there would have been no reason for the subdivisions of article 642 of the Revised Statutes.

We regard the case of Williams v. Citizens Enterprise Co., 57 Northeastern Reporter, 581, as being so directly in point and conclusive upon the proposition here submitted, that we content ourselves with referring the court to that case.

GAINES, CHIEF JUSTICE.—This is an original petition for the writ of mandamus to compel the Secretary of State to accept and file a charter presented by the relators.

It is averred in the petition, in effect, that the relators had agreed to organize a corporation and had prepared a charter in accordance with the forms required by the statute and had presented it to the respondent with the request that it be filed in his office, and that he had refused to comply with the request. The purpose for which the corporation was attempted to be organized is stated in the proposed charter, a copy of which is made a part of the petition, in the following terms: "The purpose for which this corporation is formed is the construction, maintenance and operation of dams, reservoirs, lakes, wells, canals, flumes, laterals and other necessary appurtenances for the purpose of irrigating and milling; and for the purpose of growing, selling and purchasing of rice and other agricultural products, and to purchase and lease all lands necessary for that purpose." The respondent filed demurrers to the petition,—one general in form and another, as we think, general in effect, though it specifies the grounds upon which the insufficiency of the pleading is asserted. These grounds are: (1) That one of the purposes for which the proposed corporation is to be organized is not embraced in the statute; and (2) that the proposed charter is for two purposes separately provided for in distinct subdivisions of the statute which defines the occupations for which private corporations may be created.

Title 21 of the Revised Statutes provides for the creation of private corporations and embraces article 642, which declares that "The purposes for which private corporations may be formed are," and proceeds to define in separate subdivisions, numbered from 1 to 54, inclusive, the purposes for which such corporations may be formed. Among them are the following:

"23. The construction, maintenance and operation of dams, reservoirs, lakes, wells, canals, flumes, laterals and other necessary appurtenances for the purposes of irrigation, navigation, milling, mining, stockraising and city waterworks."

"27. The growing, selling and purchasing of seeds, plants, trees, etc., for agricultural and ornamental purposes, and to purchase and lease all lands necessary for that purpose."

One of the purposes in the proposed charter falls substantially within the definition contained in subdivision 23 quoted above, and about that no question is made. But "the purpose of growing, selling and purchasing rice and other agricultural products, and to purchase and lease all lands necessary for that purpose," as set out in the charter, is not couched in the same language as subdivision 27, and the question is, do they have in substance the same meaning? We are of the opinion that they do not. On part of the relators it is contended, in effect, that since rice is a seed, therefore the growing of rice comes within the defined purpose. The argument may be plausible but it is not sound. The language of the subdivision in question shows clearly that what was contemplated was the growing and dealing in seed merely as seed and not the growing of a product for sale generally. The Legislature intended to authorize corporations to engage in a seed and nursery business, and, as incidental thereto, to grow seeds, plants and trees for the purpose of that business. Because they intended to authorize the creation of corporations to grow seed on a limited scale for a limited purpose, it does not follow that they intended to empower the creation of corporations to grow rice and other agricultural products on an enlarged scale, not only for sale for seed but for sale for any other purpose to which such products may be applied. The proposed charter does not confine the business of the company to the growing and selling of rice merely as seed, and therefore we think the company could not be organized for carrying on such a business. We are also of opinion that since one of the purposes declared in the proposed charter is not authorized by law, the fact that another purpose mentioned in connection therewith is a lawful one does not save it. Article 643 of the Revised Statutes sets forth the articles which shall be contained in the charter. The second of these is "the purpose for which it (meaning the corporation) is formed." Article 644 declares that the charter shall be subscribed by three or more persons, and prescribes the manner in which it shall be signed and acknowledged. Article 645 provides that "such charter shall thereupon be filed in the office of the Secretary of State, who shall record the same at length," etc. It is clearly implied, as we think, that the purpose set forth in the charter must be an authorized purpose. But there is no language in any of these articles which throws any light upon the question as to the duty of the Secretary of State when the charter set forth two purposes, one of which was authorized and the other not. But when the meaning of a statute is doubtful, the policy of the measure is a matter to be considered by the courts and that construction ought to be given to the law which best accords with sound policy. To permit a charter to be filed which purports to create a corporation to carry on a business for which a corporation can not be legally created under the law would be to hold out the organization as a corporation when it possessed none of the rights and immunities of such artificial bodies, and to allow innocent third parties who may purchase its shares or deal with it to be misled to their injury. To permit an

unauthorized purpose to be set forth with another that is authorized could accomplish no good and would serve only to give color of authority to that which is not authorized and thereby to open a door to deception and fraud.   Our last remark is made merely with reference to effect of a charter which embraces an unauthorized purpose and not with reference to the relators, who are here contending in good faith that both the purposes declared in their charter are purposes for which a corporation may be lawfully created under the statute.   As we understand, while they do not admit that the mention of an unlawful purpose would vitiate their charter, they have not contended that it would not.   But since we hold that one of the purposes in relator's charter is unauthorized, the question is necessarily in the case and had to be determined.

The question whether a charter which declares that it is organized for two purposes, one of which is authorized and the other not, and which has been accepted and filed by the Secretary of State, is good for the authorized purpose, is not before us.   Neither is the question, whether a company under such charter so accepted and filed should be declared a de facto corporation.   See American Salt Co. v. Heidenheimer, 80 Texas, 344.   We therefore express no opinion upon either of these points.

Since we sustain the first ground of objection to the proposed charter, it is not necessary to consider the second.

The writ of mandamus is refused.

*Mandamus refused.*