### ALAMO CLUB et al. v. STATE.

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1912. On Motion for Rehearing, May 29, 1912.)

1. INJUNCTION (§ 122*)—VERIFICATION OF PETITION.

In a suit to enjoin an incorporated club from selling intoxicating liquors and keeping a place for the purpose of gaming, and for a forfeiture of its franchise, the petition, alleging the unlawful sale of intoxicating liquors and the keeping of a place for gambling, need not be verified by affidavit; the provisions relating to quo warranto not requiring verification, and Rev. St. 1895, arts. 3016a, 3016e (Acts of 1905, c. 153, and 1907, c. 81), expressly waiving the requirement of verification in petitions for injunctions to restrain such acts.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268; Dec. Dig. § 122.*]

2. INJUNCTION (§ 125*) — PLEADING — PETITION—EVIDENCE—VERIFICATION.

A petition to enjoin a corporate club from illegally selling intoxicating liquor, when not required to be verified, is no evidence, even though verified.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 272–275; Dec. Dig. § 125.*]

3. EVIDENCE (§ 383*)—PLEADING—PETITION.

A petition, verified merely on information and belief, is not admissible as evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1660–1677; Dec. Dig. § 383.*]

On Motion for Rehearing.

4. CLUBS (§ 14*)—FORFEITURE OF FRANCHISE—DEFAULT JUDGMENT.

Act 1907, c. 166, § 5, provides that no corporation shall employ or use its stock or other property for any purpose, other than to accomplish the legitimate objects of its creation, or that permitted by law, and that any corporation which violates those provisions shall, on proof thereof in any court of competent jurisdiction, forfeit its permit, license, or charter. Sayles' Rev. St. art. 1282, provides for judgment in all cases where the defendant has been duly served and has not answered. *Held* that, in a suit to forfeit the franchise of a corporate club because of its illegal sale of liquor, a default judgment could be taken; section 5 not withdrawing this class of cases from the operation of the general rule as to defaults, and merely requiring the facts to be judicially ascertained.

[Ed. Note.—For other cases, see Clubs, Cent. Dig. § 9; Dec. Dig. § 14.*]

Appeal from Forty-Fifth District Court, Bexar County; J. L. Camp, Judge.

Suit by the State against the Alamo Club and others. From a judgment of ouster, defendants appeal. Affirmed.

Leo Tarleton, of San Antonio, for appellants. Jewell P. Lightfoot, John W. Brady, and C. E. Mead, all of Austin, for the State.

COBBS, J. The state brought this suit to forfeit the charter of the Alamo Club, granted to it under the laws of the state of Texas, for misuse and illegal acts, joining Paul Prove and George Delaya as codefendants, alleging the former named to be president and the latter as secretary.

The prayer was for service to be made on each of said defendants, and, on final hearing, that the corporation be ousted of all its franchises and corporate privileges, and charter to be forfeited. It prayed for a temporary restraining order to issue, to be perpetuated on final hearing.

The petition was signed by C. M. Chambers for and on behalf of Jewell P. Lightfoot, Attorney General.

The affidavit was made by C. M. Chambers, who stated therein "that he is one of the attorneys for plaintiff, whose name is subscribed to the foregoing petition, and that he is informed and believes, and upon such information and belief avers, the allegations set forth in the above petition are true and do state facts."

There was indorsed on the petition a motion, signed by C. M. Chambers for and on behalf of Jewell P. Lightfoot, Attorney General, asking leave "to file the accompanying information in the name of the state of Texas against the Alamo [leaving out 'Club']; * * * prays that said information may be considered by the court in connection with this petition." The court thereupon directed the clerk to file same and issue citation.

On January 5, 1911, the court, on the petition, granted a temporary injunction as prayed against said defendants, restraining them, etc. The petition was filed on January 6, 1911. The judgment by default was rendered on the 27th day of March, 1911, and made final at the same time. It recites the defendants were duly cited, failed to appear and answer—wholly made default.

---

The judgment further recited the evidence heard, as follows: "And the court, after having heard the pleadings read, which is duly sworn to, and the defendants having failed to appear and deny the allegations therein contained, the court is of the opinion that the law is with plaintiff, and the state of Texas is entitled to judgment, as prayed for in her petition."

Unless reading the petition constitutes evidence introduced, there was no evidence upon which to base the judgment of final dissolution of the alleged corporation and to perpetuate the injunction.

The first assignment of error complains of the court's action in granting a temporary injunction; the second in making it perpetual, without testimony of any character to prove the truth of a single allegation in said petition. The appellant has not cited any authority to sustain any of his grounds, stating that the law is so plain none is needed, and left us to find the law on the subject.

[1] Under the chapter of the Revised Statutes on the subject of Quo Warranto, it provides for filing the petition by the Attorney General, or district or county attorney of proper county. The court, if upon motion it is satisfied, will grant petition and direct process to issue. The clerk then issues citations as in civil suits, directing and commanding defendants to appear at some regular term of the court to answer. If information is filed in vacation, the citation shall be returnable on first day of succeeding term. If in term time, then returnable not less than five days after date of writ.

Article 4346 in said chapter provides: "Every person or corporation who shall be cited as hereinbefore provided shall be entitled to all the rights in the trial and investigation of the matters alleged against him, as in cases of trial of civil causes in this state."

Article 4347 provides: "In case any person or corporation, against whom any such suit is filed, shall be adjudged guilty as charged in the information, the court shall give judgment of ouster against such person or corporation from the office or franchise and may fine such person or corporation for usurping, intruding into, or unlawfully holding and executing such office or franchise, and shall also give judgment in favor of the relator for costs of the prosecution."

As this proceeding was started with prayer for injunction, we turn to the rules of procedure governing the trial and disposition of cases under the equity practice:

Article 2992: "No writ of injunction shall be granted, unless the applicant therefor shall present his petition to the judge verified by his affidavit."

Article 3014: "The principles, practice and procedure governing courts of equity shall govern proceedings in injunctions when the same are not in conflict with the provisions of this title or other law."

Article 3015: "The full right, power and remedy of injunction may be resorted to and invoked by the state at the instance of the county or district attorney, or Attorney General, to prevent, prohibit or restrain the violation of any revenue law of the state."

Article 3016a: "Use of any premises * * * for the purpose of gaming * * * shall be enjoined at the suit of the state or of any citizen thereof."

Article 3016e, R. S.: "When the suit is brought in the name of the state by any of the officers aforesaid, the petition for injunction need not be verified." Acts 1905, p. 372; Acts 1907, p. 166.

The petition alleges two grounds that bring it under that class of cases where the state is not required to verify the petition by an oath, namely: It alleges the defendant is unlawfully selling intoxicating liquors, whisky and beer, in quantities of one gallon, and less than one gallon, to be drunk on the premises where sold, without having any state, county, or city license therefor, and without having paid the occupation tax as by law required of persons engaged in said occupation. Further pleaded that the premises "have been maintained and are now being maintained by said society, and by said officers thereof, merely and solely for the fraudulent and illegal purpose of enabling said society and said officers thereof, and especially the defendants, Paul Prove and Geo. Delaya, to there conduct and carry on a saloon business and the business of retail liquor dealer, and to there sell and dispense on week days and on Sundays spirituous and malt liquors capable of producing intoxication, in the name of said corporation, ostensibly as a chartered club, but in reality in violation and defiance of the laws of the state of Texas." Further alleged: "Are used and permitted to be used for the playing of games with cards, in violation of the laws of this state."

From a careful reading of the statutes regulating such proceedings, where it is also attempted to restrain the "violation of any revenue law of the state," or where it seeks to restrain "gaming or of keeping or exhibiting games prohibited by the laws of this state," no affidavit verifying the petition is required by the state; and we overrule the assignments. The pleading of the state is ample to entitle it to the relief prayed for, and follows the statutes closely. Acts of 1907, p. 166; Acts 1905, p. 372.

[2] The third assignment complains of the action of the court in awarding a judgment forfeiting the charter and perpetuating the injunction upon default, and without any evidence whatever. There was no evidence introduced on the trial when said judgment was entered. It is provided by article 3016c: "The procedure in all cases brought hereunder shall be the same as in other suits for injunction as near as may be." The judg-

ment of the court sets out the only evidence heard, thus: "After having heard the pleadings read, which is duly sworn to, and the defendants having failed to appear and deny the allegations therein contained." It stops here. Plaintiffs' petition was the sole, so-called evidence before the court. The affidavit added nothing, because the law did not provide for such; but, on the contrary, specifically relieved the state's officers from making affidavit to the pleading. They were acting under their oaths of office, in the discharge of an official duty, and especially exempted from taking such oaths. Manifestly it was part of the wisdom of the Legislature to relieve its sworn officers of making such affidavit.

[3] If it had been required, it would have been of no value as evidence, because made upon "information and belief," not admissible as evidence and insufficient for any purpose. Pullen v. Baker, 41 Tex. 420. The court evidently treated the petition as an affidavit, such as sometimes used in injunction proceedings. This one was not of the kind that swore to the facts alleged to be true, without qualification or limitation. However, such affidavits to petitions are only necessary to secure temporary writs. No affidavit is necessary on final trial. Johnson v. Daniel, 25 Tex. Civ. App. 587, 63 S. W. 1033.

Defendants filed a motion for new trial during the term, and sought to have the default judgment set aside, not necessary to pass on now.

This case comes to us on the real proposition that the judgment was taken upon default, and made final without any evidence whatever.

Article 1282, R. S., provides: "Upon the call of the appearance docket, or at any time after appearance day the plaintiff may take judgment by default."

Article 1288, R. S., provides: "Every suit shall be tried when it is called."

Article 1284, R. S: "If cause of action is liquidated and proved by an instrument in writing, the damages shall be assessed by the court * * * and judgment final shall be rendered therefor."

Article 1285, R. S., provides: "Unliquidated, or be not proved by an instrument in writing, the court shall hear evidence as to the damages and shall render judgment therefor."

The only exception in requiring proof upon default judgments by specific statute is as to suits for the recovery of land. Article 5267, R. S. Such suits are generally based upon title papers. At any rate, the reason for this exception must be obvious to any one at all familiar with that character of litigation. Section 5, Act of 1907, p. 312, provides for forfeitures to be had "on proof thereof."

Appellee relies upon the doctrine announced in volume 23, Cyc. 736, that "a default may be taken against any natural person or corporation against whom the same judgment might have been obtained as the result of contested proceedings," and cites the case of St. Amand v. Lehman, 120 Ga. 253, 47 S. E. 949, as direct authority for his proposition. On sufficiency of its pleading for default judgment, appellee cites Kimmarle v. Railway Co., 76 Tex. 694, 12 S. W. 701: "In determining the sufficiency of a pleading to support a judgment by default, the averments of the pleading are to be as proved or confessed." The allegations of the petition are sufficient of themselves to support any default judgment, if the facts alleged are to be taken as proven, when they were not in fact proven, unless the failure to appear and plead is to be taken as proof of the truth alleged.

It must be borne in mind that this is a suit to declare a forfeiture upon the alleged grounds of the most flagrant violation and misuse of the state's charter. It is to take its life, and cancel and annul every right and privilege granted to it for any alleged violation of the law, or illegal conduct. Such a general rule would affect alike, universal in its application, all stockholders and members of any corporation, whose life would be sought in a proceeding under this statute.

To hold a petition, without other proof, in the absence of appearance, pleading, or answer, sufficient to forfeit charter rights and privileges granted by the state is in the very teeth of the statute itself; for the statute under which this suit was instituted, granting the right to forfeit, requires and especially provides as follows: "Any corporation which violates the provision of this section shall, on proof thereof in any court of competent jurisdiction, forfeit its permit, license or charter," etc. The words "on proof thereof" were not carelessly written therein, where the forfeiture of rights and privileges are sought.

To take the civil life of any corporation would, no doubt, involve, in some cases, vast interests, far reaching. The procedure is given as a speedy and drastic one to accomplish public good, and to carry out the great purpose of the state to regulate corporations and compel them to obey the law; at the same time never losing sight of the ancient doctrine that forfeitures are not favored. Therefore the right to a judgment of forfeiture should be obtained only on satisfactory "proof," duly introduced on the trial, heard and considered by the court; for such judgment, as seen from the statute, above quoted, may grant more than a mere forfeiture, for the court may impose a fine as well. If these words do not bear this construction, then they have no meaning whatever.

147 S.W.—41

Under our view, the proper construction of the statute requires forfeitures and fines sought to be obtained and imposed under the authority given in them shall be adjudged only upon some evidence and proof adduced on the trial to satisfy the court. We are also inclined to hold, by analogy, independent of the act of 1907, the procedure in such cases would be governed by the provisions of article 1285, R. S., and requires evidence to support the judgment inflicting fines and forfeitures.

In the case, cited by appellee to support the judgment, of Am. Salt Co. v. Heidenheimer, 80 Tex. 344, 350, 15 S. W. 1038, 1040 (26 Am. St. Rep. 743), suit was filed against Heidenheimer, Marx, and Kempner, and against Ranger, one of the original stockholders of appellant. The defendants were alleged to be partners in the name of Texas Salt Company, and sought a recovery against each one of them. All of the defendants appeared and answered, except Ranger, who was duly served, and there was a trial on the merits of the case, and evidence introduced to support the judgment. The court said: "The petition shows a cause of action, and judgment should have been rendered against him by default, was rendered against him, and then affirmed as to all the defendants." There was proof to support the judgment.

In School Incorporation v. School District, 81 Tex. 149, 16 S. W. 742, cited by appellee to support his contention, a temporary writ was issued, and appellant, for answer, filed a general demurrer and motion to dissolve for want of equity in the bill. The court overruled the demurrer and motion to dissolve and, without hearing evidence, perpetuated the injunction. The court said "the effect of the general demurrer was to admit the truth of the facts alleged in the petition. No answer to the merits being presented, upon overruling the demurrer, the court properly rendered judgment perpetuating the injunction. Appellant cannot insist that the court should hear evidence in proof of facts which it has admitted."

In the case of Scales v. Gulf, Colorado & S. F. Ry. Co., 35 S. W. 205, the court said: "We know of no rule of law which would authorize the introduction of the petition of plaintiff to support its own allegations, and defendant in error had cited no authority to justify it. The authorities sustain a contrary view." Withers v. Linden, 138 S. W. 1119.

It is not necessary to pass on the refusal of the court to grant a new trial.

For the reasons given, the judgment of the district court will be reversed, and cause is remanded for a new trial.

### On Motion for Rehearing.

JAMES, C. J. [4] Upon reconsideration, we have concluded that the language used in section 5 of the act of 1907, "any corporation which violates the provisions of this section shall on proof thereof in any court of competent jurisdiction forfeit its permit, license or charter," etc., does not have the effect of denying the court the power, upon failure of the defendant to appear and answer, to render judgment by default as in other civil cases. If an opposite construction were given, the court would have to hear testimony upon the allegations of the petition, notwithstanding defendant expressly admitted the truth of the allegations.

Article 1282, Sayles' Rev. St., provides for judgment by default in all cases where defendant has been duly served and has not answered. The effect of a judgment by default is to authorize the court to take the averments of the petition as proved or confessed. Kimmarle v. Railway, 76 Tex. 692, 12 S. W. 698. The statute is general, and applies in all cases, except where the Legislature has clearly excluded its application, as it has done in suits by publication (Sayles' Rev. St., arts. 1346–1504d) and in suits for divorce (article 2979), and probably also in suits of quo warranto to forfeit charters of corporations, upon the particular ground that a person has been appointed receiver of its property, situated in this state, who is not qualified to act as such. Article 1468.

We are of opinion that by section 5 under consideration the Legislature meant that the truth of the facts alleged against the corporation should be made to appear to the court, or, in other words, should be judicially ascertained by the court; and that there was no intent manifested by the language used in the section to withdraw this class of cases from the operation of the general statute relating to default judgments.

The motion is granted, and the judgment of the district court affirmed.