## SAYERS v. NAVILLUS OIL CO et al.

### No. 3602.

Court of Civil Appeals of Texas. Amarillo. April 29, 1931.

Rehearing Denied June 17, 1931.

Works & Bassett, of Amarillo, for appellant.

Birge & Nelson, of Amarillo, for appellees.

JACKSON, J.

This suit was instituted in the district court of Potter county, Tex., by Dollie Sayers, for herself and as next friend of Phyllis Ann Sayers, as plaintiff, against the defendants Navillus Oil Company and John L. Sullivan, to recover damages for the death of Joe Sayers, who was the husband of Dollie Sayers and the father of Phyllis Ann Sayers, alleged to have been caused by the negligence of the defendant Navillus Oil Company.

On the findings of the jury the court entered judgment against the Navillus Oil Company in behalf of Dollie Sayers for the sum of $6,000, and in favor of Phyllis Ann Sayers, the minor, for the sum of $12,000. Of this judgment no complaint is made.

The court denied the plaintiffs a recovery against the defendant John L. Sullivan and decreed that he go hence without day with his costs, from which judgment of the court this appeal is prosecuted.

The appellant challenges as error the action of the court in refusing her and the minor child a judgment against the defendant John L. Sullivan, because it is asserted under the pleadings, the evidence, and the findings of the jury, they were entitled to recover against the defendant John L. Sullivan.

The appellant alleged that the appellee John L. Sullivan is personally liable for the damages sustained because the Navillus Oil Company was frauduently incorporated to carry on the individual business of and protect the personal interest of the appellee John L. Sullivan, and especially in an attempt to avoid personal liability for the development of the mineral interests on the land on which a well was located. That the Navillus Oil Company was incorporated with a capital stock of $40,000, divided into 40,000 shares of no par value, and the only assets of the corporation was a lease of 80 acres of land on which the well was located.

The appellee John L. Sullivan answered by general demurrer, special exceptions, general denial, adopted the answer, in so far as not in conflict with his personal answer, of the Navillus Oil Company, and specially denied that he ever owned all the stock of the corporation, that he is indebted to the corporation, or that the corporation was organized solely for the purposes of promoting his interest. That at the time of the accident he was absent from the state of Texas.

The jury found that the Navillus Oil Company was fraudulently incorporated to carry on the individual business of John L. Sullivan in an attempt on his part to avoid personal liability for the development of the mineral rights in which he was interested.

The record discloses that the original petition was filed on April 3, 1929, against the

Navillus Oil Company, a corporation. That on June 22, 1927, the state of Texas issued a charter, in proper form, constituting the Navillus Oil Company a corporation with authority to establish and maintain an oil business, contract for the lease and purchase of the right to prospect for, develop, and use coal, minerals, petroleum, and gas, together with the right to erect, build, and own all oil tanks, cars, and pipes necessary for the operation of its business. That the capital stock of the Navillus Oil Company was paid for in services and property—an oil lease on 80 acres of land. That a well was drilled thereon, completed about November 1, 1927, and that the well flowed naturally for a while and was later put on the pump. That in an effort to clean the well out, the tools were lost therein and Joe Sayers was employed by John L. Sullivan, as president and general manager of the corporation, to work for the corporation at the well. That while so employed, an explosion occurred, resulting in the death of Joe Sayers and the destruction of the well. That the corporation was a going concern and transacting business in its name. That before the explosion and fire which resulted in the death of Joe Sayers and the destruction of the well, the corporation was not insolvent.

A charter having been issued by the state of Texas to the Navillus Oil Company, a corporation was created—whether de jure or de facto is immaterial. "After the State has certified the charter and so recognized the legal existence of the corporation, it would be contrary to public policy * * * to allow a private individual to initiate an inquiry into the validity of an act of the State in a proceeding to which the State is not a party. The element of good faith is frequently mentioned in the case,—that is to say good faith in assuming to act as a corporation is regarded as essential to recognition by the courts of its de facto existence. This appears to mean that the corporate existence may not be used as a cloak for transactions which are either fraudulent in themselves or a fraud upon the law; at least it does not mean that the courts will look beyond the certificate of the charter and undertake an inquiry into the question of whether or not acts of bad faith tainted the proceedings and attended the steps preliminary to the creation of the corporation." 10 Tex. Jur. § 40, and authorities cited.

In support of the law as announced in Texas Jurisprudence, supra, see American Salt Co. v. Heidenheimer et al., 80 Tex. 344, 15 S. W. 1038, 26 Am. St. Rep. 743; Scharbauer et al. v. Lampasas County (Tex. Com. App.) 235 S. W. 533; Home Inv. Co. et al. v. Fidelity Petroleum Co. (Tex. Civ. App.) 249 S. W. 1109; Cochran et al. v. Hill et al. (Tex. Civ. App.) 255 S. W. 768; St. Regis Candies, Inc., et al. v. Hovas et al., 117 Tex. 313, 3 S.W.(2d)

429; Berwald et al. v. Hamilton-Brown Shoe Co. (Tex. Civ. App.) 22 S.W.(2d) 760; Curry et al. v. Port Lavaca Channel & Dock Co. (Tex. Civ. App.) 25 S.W.(2d) 987.

The Navillus Oil Company, having been granted a charter and incorporated by the state of Texas for a legal purpose, having begun and continued to transact business in the name of the corporation for a period of more than a year, and being a going concern at the time of the explosion on June 27, 1928, and the deceased being in the employ of the corporation at the time of his death, in our opinion the appellant could not attack the validity of the corporation and, under the record in this case and the findings of the jury, was not entitled to a judgment against the appellee John L. Sullivan.

The judgment is affirmed.