CHARLES O. AUSTIN v. JACKSON TRUST & SAVINGS BANK.

Decided February 9, 1910.

**1.—Limitation—New Cause of Action—Name of Defendant—Change of Initial, Immaterial.**

The action being against the endorser of a promissory note, the filing of an amended petition for the purpose of correcting an error in the original petition in the initials of the name of the maker, will not constitute a new cause of action against which the statute of limitation might be pleaded. A change in the initials of the defendant's name did not change the original cause of action.

**2.—Evidence—Abandoned Pleadings.**

In proper cases abandoned pleadings are competent evidence against the pleader.

**3.—Practice—Improper Evidence—Harmless, when.**

No matter how objectionable the testimony of a certain witness might be, it can not be cause for reversal when the testimony of other witnesses to the same effect is admitted without objection, and especially so when the appellant himself testifies to the same effect.

Appeal from the District Court of Bexar County. Tried below before Hon. A. W. Seeligson.

*C. L. Bass,* for appellant.

*R. P. Ingrum,* for appellee.

FLY, Associate Justice.—Appellee sued appellant on a note for $2500 executed by R. G. Root to H. H. Hamilton, which was endorsed and transferred to appellee by appellant, who waived notice, demand and protest. It was alleged that the maker, the payee, and J. A. Felthous, an indorser, were insolvent and nonresidents of Texas; that the note was presented when due to the maker for payment which was refused and that it was duly protested. Appellant excepted to the second amended petition, upon which the cause was tried, on the ground that it set up a new cause of action which was barred by four years limitation, and pleaded a counterclaim of $3000 for services rendered to appellee. The cause was tried by jury and resulted in a verdict for appellee for $2500 and interest, and for appellant for $750 for compensation for his services, and the court rendered a judgment for appellee for $2485.80, being the amount found for appellee, less the $750 found for appellant. We find that the evidence sustains the verdict of the jury.

The first assignment of error complains of the action of the court in overruling the special exception setting up limitation, the allegation, which it is contended set up a new cause of action, being that appellee had stated in its former pleading that the note was executed by P. G. Root, when it should have been R. G. Root. The assignment can not be sustained. The change of an initial in the name of the maker of the note did not change the original cause of action, which was founded on an indorsement of a $2500 note by appellant. The initials were descriptive and formal, and an amendment of them did not go to the cause of action. Pridgen v. McLean, 12 Texas, 420; Thouvenin v. Lea, 26 Texas, 614; Williams v. Huling, 43 Texas, 113; McIlhenny v. Lee, 43 Texas, 205; Lee v. Boutwell, 44 Texas, 151; Kendall v. Riley, 45 Texas, 20; Thompson v. Swearengin, 48 Texas, 555; Rabb v. Rogers, 67 Texas, 335; Gordon v. Mackey (Texas Civ. App.), 30 S. W., 586.

The court admitted in evidence an abandoned answer filed by appellant, which is complained of in the second assignment of error. It was stated by appellee that the pleading was introduced to show that it contained certain defenses not made before that time. We see no particular reason why the answer should have been used as evidence, but we do not believe its use could have injured appellant, for the reason that one of the defenses set up therein was sustained by the jury and a verdict rendered in favor of appellant for the services that he alleged he performed. The answer may have been permissible in connection with subsequent amended answers that were introduced in evidence, without objection, to show that appellant was from time to time augmenting and increasing his claims for services rendered by him. Abandoned pleadings are permissible in evidence against the pleader. Barret v. Featherstone, 89 Texas, 567; Houston, E. & W. T. Ry. v. DeWalt, 96 Texas, 121.

Appellant through his third assignment of error complains of the

admission in evidence of the testimony of A. M. Rode as to an entry in the discount register of appellee, which entry the witness had made in the book. The evidence was objected to on the ground that it should have been first shown that the book was without the jurisdiction of the court or destroyed, or that it was in a book of accounts kept by the witness himself. The witness did, according to the last theory advanced by appellant, qualify himself to testify to the contents of the book. All that was proved by the entry, sworn to by the witness, was that appellee purchased from appellant the note of R. G. Root, and that it was endorsed by Hamilton, Felthous and appellant, and the amount paid for the note. All of those matters were proved by other testimony, and in fact all of it was admitted by appellant in his testimony. No matter how objectionable the evidence of Rode may have been, it could not have prejudiced appellant and the objection to it is without any practical value.

There is no error presented in the brief that would justify a reversal, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.