WARBURTON v. WILKINSON.   (No. 5584.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 26, 1916.)

1. PRINCIPAL AND AGENT ⟜145—LIABILITY OF UNDISCLOSED PRINCIPAL—RATIFICATION.

Where the brother of the owner of cattle, having charge of them, rented lands for grazing purposes, and the owner reaped all the benefits of the contract with knowledge that his cattle were pastured on another's land, and ratified the contract by refunding the brother the amount he paid thereon, such owner was liable for the rent of the grazing lands.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 499, 513–520; Dec. Dig. ⟜145.]

2. EVIDENCE ⟜207—ADMISSIONS.

In an action for the rent of grazing lands, the admissions of defendant as to the pasturage of his cattle thereon, made in another suit between him and another than the adverse party in the present suit, were admissible in evidence, since the voluntary admissions of a party, wherever and however made, can be used in any suit to which he is a party.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 707–712; Dec. Dig. ⟜207.]

Appeal from Victoria County Court; J. P. Pool, Judge.

Action by B. J. Wilkinson against A. H. Warburton. From a judgment for plaintiff, defendant appeals. Affirmed.

C. F. & C. C. Carsner and R. L. Daniel, all of Victoria, for appellant. T. R. Wood, and Fly & Ragsdale, all of Victoria, for appellee.

FLY, C. J. This suit was instituted by appellee to recover of appellant the sum of $650, the balance due on the rent of 2,000 acres of land for grazing purposes for the year beginning August 1, 1913, and ending July 31, 1914. Appellant answered that he had not made a contract to rent the premises, and that his brother, J. A. Warburton, who leased the premises, was not his agent and had no authority to rent the premises. A jury being waived, the court rendered judgment in favor of appellee for $650, with interest at 6 per cent. from January 1, 1915.

[1] The facts show that J. A. Warburton was the undisclosed agent of appellant and contracted for the land and pastured the cattle of appellant thereon. Appellant obtained the full benefit of the pasturage of the cattle, and ratified the acts of his agent by paying a part of the money due on the lease. We adopt the findings of fact of the county judge which are fully supported by the statement of facts.

The evidence clearly shows that J. A. Warburton, a brother of appellant, who had charge of the cattle of the latter, made the rental contract, and that appellant reaped all the benefits of the contract, and ratified the acts of his agent by repaying to him the sum of $150 paid on the contract. J. A. Warburton was undoubtedly the undisclosed agent of appellant, and whether appellee knew this fact or not would not affect the liability of the undisclosed principal. The evidence shows that the cattle were the property of appellant, that he knew that they were pastured on the land of appellee, and that he paid all that was paid on the rental contract. He is undoubtedly liable for the rent.

It is the general rule that an undisclosed principal, when subsequently discovered, may be held liable on all simple nonnegotiable contracts made in his behalf by his duly authorized agent, although the contract was originally made with the agent in entire ignorance of the principal. This has been held in many cases. Mechem on Agency, § 1731, and authorities cited. To the same effect are Heffron v. Pollard, 73 Tex. 96, 11 S. W. 165, 15 Am. St. Rep. 764, Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 66 Am. St. Rep. 913, and Marx v. Luling Association, 17 Tex. Civ. App. 408, 43 S. W. 596.

[2] The admissions of appellant as to the pasturage of the cattle, made in another suit between him and another party, were admissible in evidence in this suit. The voluntary admissions made by a party to a suit, made anywhere and under any circumstances, can be used in any suit to which he is a party. No reason can be given why the voluntary admissions of a litigant cannot be used against him, no matter where nor under what circumstances they were made. Greenleaf on Ev. § 341; Jones on Ev. § 683; Nelson v. Harrington, 72 Wis. 591, 40 N. W. 228, 1 L. R. A. 719, 7 Am. St. Rep. 900; Bilger v. Buchanan (Sup.) 6 S. W. 408. The voluntary admission of a party is an admission, no matter where and how made, and can be used against him. We overrule the third and fourth assignments of error.

The judgment is affirmed.

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes