**FIRST NAT. BANK OF HEREFORD v. HOGAN. (No. 957.) \***

(Court of Civil Appeals of Texas. Amarillo. April 12, 1916. Rehearing Denied May 10, 1916.)

1. APPEAL AND ERROR ⬅➡1039(2)—HARMLESS ERROR.

In an action for conversion of cattle by levy of attachment, where the petition, as a basis for exemplary damages, alleged that officers of the defendant corporation, knowing that the cattle belonged to the plaintiff, had maliciously caused them to be seized under the writ and had procured an order having them sold, all of the officers and agents of the defendant who committed the alleged wrongs having testified at the trial, error in not stating the names

in the petition of the defendant's officers who committed the alleged wrong was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4075; Dec. Dig. ⬅➡1039 (2).]

2. MALICIOUS PROSECUTION ⬅➡50—PLEADING —PETITION.

In an action for conversion of cattle by levy of attachment, a petition alleging that defendant, its officers, and agents caused the cattle to be seized maliciously and in wanton and reckless disregard of the plaintiff's rights, and without probable cause for believing them to be the property of another, was sufficient, without charging facts or acts showing malice, since, where one who has knowledge accepts the benefits of an unlawful levy, or ratifies the malicious acts of his agents in making such levy, malice may be inferred from want of probable cause.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 97; Dec. Dig. ⬅➡50.]

3. EVIDENCE ⬅➡208(3)—JUDICIAL ADMISSIONS —PLEADINGS—SUBSEQUENT SUITS.

In an action for conversion of cattle by levy of attachment, a paragraph contained in a bill of equity between the same parties thereto, although containing hearsay, opinions or conclusions, was admissible against the plaintiff as admission in another suit.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 715; Dec. Dig. ⬅➡208(3).]

4. EVIDENCE ⬅➡208(3)—JUDICIAL ADMISSIONS —PLEADINGS—AVERMENTS ON INFORMATION AND BELIEF.

Averments in a pleading are competent evidence in a subsequent suit against the party making them; the fact that the averments are made on information and belief going only to the weight, and not to their admissibility.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 715; Dec. Dig. ⬅➡208(3).]

Appeal from District Court, Parmer County; D. B. Hill, Judge.

Action by A. A. Hogan against the First National Bank of Hereford. Judgment for plaintiff, and defendant appeals. Affirmed.

Carl Gilliland, of Hereford, Madden, Trulove, Ryburn & Pipkin, of Amarillo, and Sam G. Bratton, of Clovis, N. M., for appellant. Knight & Slaton, of Hereford, for appellee.

HALL, J. Appellee Hogan sued appellant bank, charging conversion, May 3, 1904, of 321 two year old steers, alleged to belong to appellee; that the conversion was effected by levying a writ of attachment on the cattle, for which he claimed $16,000 actual damages, that being the alleged value of the cattle at the time and place of the levy, and $2,000 exemplary damages. The facts alleged as a basis for exemplary damages were that the officers and agents of appellant company knew the cattle belonged to plaintiff at the time the writ was levied, and that they caused the cattle to be seized under the writ, maliciously and in wanton and reckless disregard of the plaintiff's rights, and without probable cause for believing that the cattle were the property of Mersfelder, the defendant in the attachment proceedings; that after the suit in which the attachment was issued had been removed to the federal court, subsequent to the levy of the writ, appellant

procured an order of the federal court, having said cattle sold, knowing that they belonged to appellee.

Defendant answered by general and special exceptions which will be hereinafter mentioned, general denial, plea of estoppel, and specially that at the time of the levy there was a prior mortgage on the cattle securing two notes in favor of Thomas J. Zook, both dated November 7, 1913, and due on or before May 4, 1914, one of said notes in the sum of $5,000, and the other $5,703.75; that said mortgage indebtedness constituted a valid and subsisting lien on the cattle at the time of the levy, and that no part of it had ever been paid off or satisfied; that all the interest plaintiff had in said cattle was an executory contract to purchase them from W. B. Mersfelder. The case was tried before a jury, resulting in a verdict and judgment against the appellant for the sum of $4,-821.50 as actual damages and $1,500 as exemplary damages.

[1] The first, second, fourth, and sixth assignments of error complain that appellee did not state in his petition the names of the officers and agents of the bank who caused the plaintiff's cattle to be levied upon by the sheriff of Parmer county; that said pleading did not allege what officers of the bank knew that the cattle were the property of plaintiff at the time of the levy; that it was not alleged what officers of the bank caused the order to be issued by the United States District Judge, after the case was removed to the federal court, and under which order the cattle were sold. The general rule is that in suits against corporations for damages growing out of a tort it is not necessary to allege the name of the agent whose wrongful act caused the damages. Thompson on Corporations, vol. 5, § 5461. We think McMeans, J., in G. & I. Ry. Co. v. Campbell, 108 S. W. 972, announces the proper rule, as follows:

"We are inclined to the opinion that the exception should have been sustained. The corporation could act only through its agents, and when it is sought to be held liable upon a contract alleged to have been made by it, it seems that it ought to have the right to demand the name of its agent through whom the contract was made, so that it may be able to question his authority and be prepared to meet the issue with proof. Rice Co. v. Eidman, 41 Tex. Civ. App. 542, 93 S. W. 698; but we are not prepared to say that the error in refusing to sustain the exception is such a one as to require the reversal of the case as it appears that the appellant had full knowledge as to which of its alleged agents the appellee would undertake to prove made the contract with him, and that such person testified on the trial."

While this case involves a question of contract, the same principle should control. Judge McMeans suggests that as a matter of good pleading, upon another trial, the name of the agent whom it is sought to prove made the contract should be stated. It appears from the record in the instant case that the officers and agents of the appellant bank, who

185 S.W.—56

committed the alleged wrongs, but whose names were not mentioned in the petition, all testified upon the trial, and it is not shown that any injury resulted to appellant by reason of the court's action in overruling the various exceptions, for which reason we do not think the error reversible.

One paragraph of the petition charges that the defendant, its officers and agents, caused the cattle to be seized maliciously, and in wanton and reckless disregard of plaintiff's rights, and without any probable cause for believing they were Mersfelder's property. Appellant specially excepted to the petition, because it did not charge any facts or acts on the part of such officers or agents, which showed malice, etc.; and the third assignment brings the action of the court in overruling this exception, before us for review. In San Antonio & Aransas Pass Ry. Co. v. Kniffen, 4 Tex. Civ. App. 484, 23 S. W. 457, James, C. J., said:

"The court did not err in overruling the exception. The allegation that the act complained of was done unlawfully, wantonly, and maliciously, and with the fraudulent intent to deprive plaintiff of the value of the coal, was sufficient, without alleging the circumstances showing it to have been so done. Cone v. Lewis, 64 Tex. 331 [53 Am. Rep. 767]; Gross v. Hays [73 Tex. 515] 11 S. W. 523."

[2] The proposition is urged that in a suit by one party against another for the levy of an attachment on cattle belonging to a third person, where such third person sues for conversion for both actual and exemplary damages, before he can recover for exemplary damages, he must plead and prove that malice existed at the time the levy was made, and the fact that after the levy was made the plaintiff in the attachment suit, through its officers or agents, caused the cattle to be sold under the statute, would not of itself authorize the said third person to recover exemplary damages. The law is that where one, with knowledge of the facts, accepts the benefits of an unlawful and wrongful levy, or ratifies the willful and malicious acts of his agents in making such levy, he becomes liable. Malice may be inferred from want of probable cause. Appellee alleged that, after the suit filed by the bank against Mersfelder had been removed to the federal court, the bank, plaintiff therein, made an application to have the cattle sold as perishable property, knowing at the time that they were the property of the plaintiff; but it is previously alleged that such knowledge existed at the time of the levy. The court did not err in overruling the exception; nor was the petition subject to a general demurrer.

[3] The eighth assignment presents for review the action of the court in permitting appellee, over the objection of appellant bank, to read in evidence paragraph 7 and the amendment thereto contained in a bill of equity pending in the federal court at Amarillo, which said paragraph and amendment are as follows:

"(7) That while said litigation arising in Deaf Smith county, Texas, was still pending, the said First National Bank of Hereford brought suit in the district court of Curry county, New Mexico, seeking to replevy from the said W. B. Mersfelder, as being subject to its chattel mortgage, certain cattle then situate in Curry county, New Mexico, and which were a part of the same herd as those which had been attached in Parmer county, under said writ of attachment hereinbefore referred to; that upon a trial of said cause in said court of Curry county, New Mexico, the said W. B. Mersfelder, who was the defendant in that suit, and the said A. A. Hogan, who was a witness for said Mersfelder in said suit, both claimed and testified in substance that the said cattle which were attached in Parmer county, Texas, had been sold by the said Mersfelder to the said Hogan, and delivered to the said Hogan while they were still in New Mexico, and that Hogan had paid to the said Mersfelder the full purchase price of said cattle, excepting the amount of said note owing by the said W. B. Mersfelder, to the said Thos. J. Zook, which note the said Hogan was to pay off and satisfy, and the satisfaction of said note was to constitute full and complete payment by the said Hogan for the said cattle; that said sale and delivery of said cattle by the said W. B. Mersfelder to the said A. A. Hogan, occurred in the state of New Mexico, and prior to the running of the attachment on said cattle by the sheriff of Parmer county, as hereinbefore stated, and said W. B. Mersfelder in said suit stated under oath, as a witness in his own behalf, that he did not make any claims to any of the funds deposited in the registry of this court arising from said marshal's sale of said cattle attached by the said sheriff of Parmer county, and stated that he had never claimed any interest in said fund."

Amendment to paragraph 7:

"Plaintiff amends paragraph 7 thereof by adding thereto and at the end thereof the following: And plaintiff therefore says that with the information now in its possession it is informed and believes, and upon such information and belief alleges the fact to be, that at the time of the levy of said writ of attachment heretofore referred to said cattle had in fact been delivered by the said W. B. Mersfelder to the said A. A. Hogan, and at the time of such levy were in truth and in fact the property of the said A. A. Hogan, free from any interest or claims therein on the part of said W. B. Mersfelder, of all of which the said Hogan and Mersfelder then had knowledge and notice."

The objection urged to the admission of this pleading was that it was hearsay, an opinion, and a conclusion; that it only states what the party who swore to said plea believed to be true from information and belief, stating in the paragraph the information upon which he based said belief. The parties to the bill in equity were also the parties to this action. The rule is settled in this state that a bill in equity, and even an unverified pleading, may be introduced against the complainant as an admission in another suit. Buzard v. McAnulty, 77 Tex. 438, 14 S. W. 139; Austin v. Jackson Trust & Savings Bank, 59 Tex. Civ. App. 155, 125 S. W. 936; Barrett v. Featherstone, 89 Tex. 567, 35 S. W. 11, 36 S. W. 245.

[4] Appellant contends that the admissions in the bill should not have been introduced, for the reason that the allegations are made upon information and belief. In Pope v.

Allis, 115 U. S. 363, 6 Sup. Ct. 69, 29 L. Ed. 393, it is held that averments in a pleading are competent evidence in a subsequent suit against the party making them, and the fact that the averments are made on information and belief goes only to their weight, and not to their admissibility. The eighth assignment is therefore overruled.

We have reviewed the remaining assignments, together with the authorities cited in support of them, and have concluded that no reversible error is presented.

The judgment is therefore affirmed.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error dismissed in Supreme Court.