**BAIN PEANUT CO. OF TEXAS v. PINSON & GUYGER. (No. 1780.)**

(Court of Civil Appeals of Texas. El Paso. April 30, 1925. Rehearing Denied June 11, 1925.)

1. Evidence ⬡208(6)—Averments in abandoned pleadings are admissible against party filing them.

Averments in abandoned pleadings are admissible in evidence against party filing them.

2. Evidence ⬡158(26)—Plea of privilege held not best evidence of corporate existence.

Original plea of privilege, after amendment, *held* not best evidence of defendant's corporate existence, in view of Rev. St. arts. 1131, 1132, that a corporation exists only from and after filing of charter in office of secretary of state, where no accounting was made for nonproduction of a certified copy of charter or record thereof.

3. Evidence ⬡158(26)—Copy of charter or record thereof is best evidence of corporation's existence.

Copy of charter or record thereof, certified under great seal of state, is best evidence of corporation's existence.

4. Corporations ⬡503(1)—Corporation entitled to be sued in county of domicile, where no other evidence except plea of privilege showing its corporate existence.

Corporation *held* entitled to be sued in county of its domicile, where there was no other evidence, aside from its amended plea of privilege, showing its corporate existence.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Action by Pinson & Guyger against the Bain Peanut Company of Texas. From an order overruling defendant's plea of privilege, defendant appeals. Reversed and remanded.

Bryan, Stone, Wade & Agerton, Alfred M. Scott and B. G. Mansell, all of Fort Worth, and Royall G. Smith, of El Paso, for appellant.

Callaway & Callaway, of Comanche, for appellee.

PELPHREY, C. J. This is an appeal from an order of the district court of Comanche county, Texas, overruling a plea of privilege filed by appellant, Bain Peanut Company, to be sued in Tarrant county. The plea was in due form, and was controverted by appellees, Pinson & Guyger.

Appellant complains of the action of the trial court in overruling its general demurrer to appellee's controverting plea; the admission in evidence of appellant's original plea of privilege, and the admission of that part of the testimony of appellee Pinson as to declarations of Husford, Norman, and Mote relative to the agency of Husford.

Appellant objected to the introduction in evidence of its original plea of privilege on the grounds that (1) it had been superseded, abandoned, and withdrawn by the filing of appellant's amended plea of privilege, and therefore was not binding upon appellant as an admission, because it was not the best evidence of corporate existence, and because it was equivalent in law to a sworn, categorical denial of every fact essential to support venue in Comanche county, and was therefore inadmissible as evidence of a special admission of one of the essentials, which it in effect denied.

[1-3] That averments in abandoned pleadings are admissible in evidence against the party filing them is no longer an open question in Texas. Houston, E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877; Austin v. Jackson Trust & Savings Bank, 59 Tex. Civ. App. 155, 125 S. W. 936; Barrett v. Featherstone et al., 89 Tex. 567, 35 S. W. 11, 36 S. W. 245; Payne, Agent, v. Malone (Tex. Civ. App.) 239 S. W. 998; Stowers v. Stevens & Co. (Tex. Civ. App.) 208 S. W. 365 (writ refused). Was it the best evidence of corporate existence? Article 1131, Rev. Civ. Stat. provides that charter of a corporation shall be filed in the office of the secretary of state, who shall record the same at length in a book to be kept for that purpose, and retain the original on file in his office. A copy of the charter, or the record thereof, certified under the great seal of the state, shall be evidence of the creation of the corporation. Article 1132, Rev. Stat. reads as follows:

"The existence of the corporation shall date from the filing of the charter in the office of the secretary of state, and the certificate of the secretary of state shall be evidence of such filing."

In the case of Bank of De Soto v. Reed, 50 Tex. Civ. App. 102, 109 S. W. 256, the Court of Civil Appeals of Texas, in a discussion of whether or not the Beaumont-Port Arthur Company was a corporation, has this to say:

"Article 641, Rev. St. 1895, provides: 'Private corporations may be created by the voluntary association of three or more persons * * * in the manner hereinafter mentioned.' Article 643 provides what the charter must set forth, and the next succeeding article relates to the manner of its execution. Article 645 provides that, 'Such charter shall thereupon be filed in the office of the secretary of state * * *;' and article 646, 'The existence of the corporation shall date from the filing of the charter in the office of the secretary of state. * * *' Here we have a specific declaration of the statute as to what acts are necessary to bring, and the date when the corporation is brought, into existence.

"Performance of all the prerequisites short of filing the charter with the secretary of state

is not sufficient to bring the company into existence as a corporation de jure. Are such acts sufficient to create the association a corporation de facto? We think not. Where the governing statute points out the manner in which the corporation shall be organized, and the statute is followed, the corporation is brought into existence, so that it may enter upon the objects of its creation. Thus the corporation is generally deemed to exist from the time when the certificate of incorporation prescribed by the governing statute is filed in accordance with the statute, 10 Cyc. 223. In several jurisdictions it has been held that a compliance with the requirement that the charter shall be filed in the office of the secretary of state is a condition precedent to the establishment of a corporation de jure; and without such compliance the association cannot be treated as a corporation de facto. Salt Co. v. Heidenheimer [80 Tex. 344] 15 S. W. 1038 [26 Am. St. Rep. 743].

"When the articles of incorporation have been filed in the office of the secretary of state, then the association becomes a corporation. National Bank v. Texas Investment Co., 74 Tex. 435, 12 S. W. 101. Whether after such filing the corporation is one de facto or de jure depends upon the compliance or not by the incorporators of all the conditions prescribed by law essential to give life and vitality to the association as a corporation. If all the prerequisites have been complied with, and the purposes and objects are those for which the corporation may be formed, then it becomes a corporation de jure; and, while the filing of the charter makes it a corporation, the failure to comply with some one or more of the prerequisites makes it a corporation de facto; but the filing of the charter is essential to the creation of the corporation as either the one or the other. 10 Cyc. 658; Bergeron v. Hobbs, 96 Wis. 641, 71 N. W. 1056, 65 Am. St. Rep. 85."

It appearing from the above holding and the statutes that a corporation exists only from and after the filing of the charter in the office of the secretary of state, then a copy of the charter, or the record thereof, certified under the great seal of the state, must necessarily be the best evidence of the existence of the corporation, and the admission in evidence of the original plea of privilege, after the same had been amended, and over the objection of appellant, and no accounting made for the nonproduction of a certified copy of the charter, or the record thereof, constituted error.

In the recent case of Sanders et al. v. Lane, 227 S. W. 946, the Commission of Appeals, Section A., in an adoption case, held that acts and declarations of an adoptive party were not admissible over objection unless it was first shown that the adoption paper or the record thereof had been lost or destroyed. In their discussion of the inadmissibility of the acts and declarations, the Commission of Appeals, after citing the adoption statute, held that under that statute the filing of the articles of adoption with the clerk of the county court of the county in which the adoptive party resided was necessary to complete the act of adoption, and that other evidence of the execution of the articles of adoption could not be admitted in evidence until the nonproduction of the articles, or the record thereof, had been accounted for.

[4] After a study of the reasoning in the above case, we are of the opinion that the same rule should apply in the present case, and that, the right to be sued in the county of defendant's domicile being a valuable right, and there being no other evidence, aside from the amended plea of privilege, showing the corporate existence of the appellant, we are of the opinion that the court was in error in overruling appellant's amended plea of privilege, and the judgment is therefore reversed, and the case is hereby ordered transferred to the district court of Tarrant county.

We deem it unnecessary to discuss the other assignments.

Reversed and remanded, with instructions.

On Motion for Rehearing.

At a former day of this term this case was reversed and ordered transferred to the district court of Tarrant county, Tex.

In our opinion we held that the court erred in admitting in evidence the amended plea of privilege of the appellant, over its objection that said plea was not the best evidence.

It appears that the trial court, by holding the plea of privilege admissible, was responsible for appellee failing to introduce better evidence, to wit, a certificate from the secretary of state.

It is therefore the opinion of this court that we were in error in reversing the case with instructions, and should have reversed and remanded the case in order to afford appellee an opportunity to produce evidence in conformity with the law announced in our opinion.

The case is, therefore, hereby reversed and remanded.

On Further Motion for Rehearing.

In our original opinion in this case all the assignments and propositions presented by appellant were considered, and we are of the opinion that the only reversible error was the one upon which we reversed the case.