**WESTERN OIL FIELDS CORPORATION v. NOWLIN.    (No. 413.)**

(Court of Civil Appeals of Texas. Waco. Nov. 18, 1926.)

**1. Damages ⬅221 — Issue as to value of growing crop destroyed held erroneously submitted, in absence of evidence showing expense of cultivation.**

In action for destruction of growing crop, issues as to value of crop *held* erroneously submitted, where value of matured crop was shown, but there was no evidence showing expense of cultivating, maturing, harvesting, or marketing it.

**2. Damages ⬅112—Value of growing crop destroyed is difference between value of probable crop when matured and expense of cultivation.**

Value of growing crop destroyed is difference between value of probable yield under proper cultivation when matured and ready for sale and expense of such cultivation.

**3. Evidence ⬅94—To recover, party must furnish sufficient testimony to support verdict.**

In order for party to recover, it is incumbent on him to furnish sufficient testimony on which jury can base verdict.

**4. Waters and water courses ⬅77—Evidence of city's recovery for pollution of water supply held inadmissible, in action for destruction of crop by petroleum in overflow waters of stream.**

In action for destruction of growing crop by salt and petroleum from oil wells in overflow waters of stream, testimony of city clerk as to city's successful action against defendant and other oil companies for polluting city's water supply *held* error.

**5. Evidence ⬅208(2)—Defendant's pleading, filed in another action by attorney, admitting pollution of streams, held admissible, in action for destruction of growing crops by salt and petroleum in overflow waters.**

In action for destruction of growing crop by salt and petroleum from oil wells in overflow waters of stream, defendant's pleading, filed by its attorney in another action, admitting that sediments of oil wells flowed into waters draining into such streams, *held* admissible.

**6. Evidence ⬅208(6)—Abandoned pleadings held admissible in same suit as admissions against interest.**

Abandoned pleadings by any of the parties are admissible in same suit as admissions against interest.

**7. Evidence ⬅82—Attorneys are presumed to obtain information contained in pleadings filed by them from clients.**

Attorneys are both agents and attorneys for clients, and are presumed to obtain information contained in pleadings filed by them from clients.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Action by Henry Nowlin against the Western Oil Fields Corporation. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. E. Whightsel, of Wichita Falls, and J. E. Bradley, of Groesbeck, for appellant.

E. G. Lloyd, Jr., of Alice, for appellee.

BARCUS, J. This suit was instituted by appellee against appellant, seeking to recover damages which he claimed to have suffered by reason of appellant having permitted crude petroleum, salt water, and other deleterious substances to escape from oil wells which it was operating on the watershed of Jack's creek and Navasota river, which appellee claims destroyed his crops of corn and cotton on 65 acres of land which he was cultivating on the third and fourth for the year 1924. The cause was tried to a jury, submitted on special issues, and resulted in a judgment being rendered for appellee for $225.

The record discloses that appellee had leased and rented on the third and fourth for the year 1924 about 160 acres of land in Limestone county for farming purposes; that in May or June, 1924, the excessive high waters of Navasota river, caused by rains, flooded about 60 acres of said land, 55 acres of which appellee had planted in cotton and 5 acres in corn. The record further shows that appellant for a number of years has owned and operated a number of oil wells on the watershed of Jack's creek

and Navasota river, and it is further shown by the record' that a number of other oil companies have been operating oil wells in the same territory which are drained by the same watershed. Appellee claimed that by reason of there being oil, salt, and other deleterious ingredients contained in the water which overflowed his crops, that same caused the crops to be poisoned and killed, and claimed that the land became so contaminated with said ingredients that cotton would not thereafter grow on said land during said year, that, as a result, he lost 55 acres of cotton and 5 acres of corn, and that the amount of the damage caused him by the salt, oil, and other substances escaping from appellant's leases was $750.

The court submitted four issues, and in response thereto the jury found that appellant permitted the crude petroleum, salt water, and bottom sediments to escape from their leases into Jack's creek and the Navasota river and their tributaries, and that same became mixed and commingled with the waters of Navasota river, and that the waters of said river, after being mixed with said substances, overflowed appellee's land in the spring of 1924 and destroyed part of his crops of corn and cotton, that the total value of all of plaintiff's corn and cotton that were destroyed by the waters of Navasota river so mixed with said substances was $1,400, and that the proportionate part thereof, which was caused by the salt water, crude petroleum, and bottom sediments escaping from appellant's leases, was $225.

[1-3] Appellant, by several assignments, contends that the trial court erred in submitting to the jury the issues as to the value of appellee's corn and cotton which were destroyed, and his damages occasioned thereby, and complains of the failure of the trial court to set aside said findings because same were not supported by the testimony. We sustain these assignments. The only evidence that was offered by appellee as to the value of his crops was that the overflow came either in May or the early part of June, 1924; that at said time his corn was beginning to tassel, and that his cotton was from 4 to 8 inches high; that, in his opinion, his corn would have made 66⅔ bushels and he would have been able to obtain $1.25 a bushel therefor in the fall, that his 55 acres of cotton destroyed would have made 24 or 25 bales and he would have gotten at maturity 20 to 25 cents a pound therefor, that his cotton would have been worth $150 a bale and his cottonseed from $40 to $60 a ton. He did not offer any evidence with reference to what it would have cost him to cultivate and gather said crops. In the early case of I. & G. N. Ry. Co. v. Pape, 73 Tex. 501, 11 S. W. 526, the Supreme Court laid down the following rule with reference to damages which are recoverable by reason of growing crops being partially destroyed:

"It seems to us that, as a general rule, the most satisfactory means of arriving at the value of a growing crop is to prove its probable yield under proper cultivation, the value of such yield when matured and ready for sale, and also the expense of such cultivation, as well as the cost of its preparation and transportation to market. The difference between the value of the probable crop in the market, and the expense of maturing, preparing, and placing it there, will in most cases give the value of the growing crop with as much certainty as can be attained by any other method."

This rule seems to have been followed by an unbroken line of authorities. In order for a party to recover, it is incumbent upon him to furnish sufficient testimony on which the jury can base its verdict. Panhandle & S. F. Ry. Co. v. Reed (Tex. Civ. App.) 273 S. W. 611. There being no evidence in this case showing what the expenses incident to the cultivating, maturing, harvesting, and marketing of the corn and cotton would have been, there is no testimony from which the jury could determine the amount of damages. The only evidence with reference to appellee's damage was as to the amount of corn and cotton he would have made and their total value at the time of harvesting. Rumely Products Co. v. Moss (Tex. Civ. App.) 175 S. W. 1084; Bowman & Blatz v. Raley (Tex. Civ. App.) 210 S. W. 723; American Rio Grande Land & Irrigation Co. v. Mercedes Plantation Co. (Tex. Com. App.) 208 S. W. 904; Gerhart v. Harris County (Tex. Civ. App.) 244 S. W. 1103; H. & T. C. Ry. Co. v. Wright (Tex. Civ. App.) 195 S. W. 605; Drinkard v. Anderton (Tex. Civ. App.) 280 S. W. 1076.

[4] Appellant complains of the action of the trial court in permitting the witness Jim Thompson, the city clerk of Groesbeck, to testify that the city of Groesbeck filed a suit in 1923 against a number of oil companies, including appellant, for damages by reason of all of said oil companies' permitting their salt water and crude oil and other sediments to escape into the waters of Jack's creek and the Navasota river and thereby injuring the water supply for the city of Groesbeck, and that as a result of said suit a judgment was rendered against the oil companies, and that appellant paid a part of said judgment. The evidence shows that said case was never tried and that a compromise judgment was entered therein. There is no connection shown between the suit filed by the city and the suit in controversy, and the fact that appellant may or may not have paid part of a judgment rendered against it and a large number of oil companies was wholly immaterial to any issue in this case, and it was error for the court to permit said witness to testify to said facts.

[5, 6] Appellant complains of the action of the trial court in permitting appellee to read in evidence certain portions of a pleading which appellant, through its authorized attor-

ney, filed in the case of Liles Jackson against appellant in June, 1925, in the county court of Limestone county. The pleading was an application, signed and sworn to by the attorney for appellant, seeking to remove the Jackson Case to the federal court. It appears that the Jackson suit was for damages which he claimed had been occasioned to him similar to the damages which appellee claims in this case. The portion of the pleadings which appellee offered that had been filed in the Jackson Case, in substance, stated that appellee was the owner of and operating a number of wells on the watershed of Jack's creek and Navasota river, and that a portion of the salt water and crude petroleum and other sediments from said wells necessarily at all times flowed into the waters draining into said creek and river. There is no controversy but that the evidence, if admissible, was material. It seems to be the well-established rule in Texas that abandoned pleadings in the same suit by any of the parties are admissible in the same suit as admissions against interests. Austin v. Jackson Trust & Savings Bank, 59 Tex. Civ. App. 155, 125 S. W. 936; Warburton v. Wilkinson (Tex. Civ. App.) 182 S. W. 711; First Nat. Bank of Hereford v. Hogan (Tex. Civ. App.) 185 S. W. 880; Wilkins v. Clawson, 50 Tex. Civ. App. 82, 110 S. W. 103; Behrens Lumber Co. v. Lager, 26 S. D. 160, 128 N. W. 698, Ann. Cas. 1913A, page 1132, notes; Pope v. Allis, 115 U. S. 363, 6 S. Ct. 69, 29 L. Ed. 393; Board of Commissioners v. Diebold Safe & Lock Co., 133 U. S. 473, 10 S. Ct. 399, 33 L. Ed. 674; 22 C. J. 332. The general rule with reference to the admission of pleadings filed in one case when offered in a different case is stated in 22 C. J. p. 333, as follows:

"It is well established that an admission contained in a pleading in one action may be received in evidence against the pleader on the trial of another action; the rule in this respect being the same whether the actions are both at law, both in equity, or one in equity and the other at law. It is not essential that both actions should be in the same court, but admissions made in the pleadings filed in a federal are competent in a state court, and vice versa. Nor is a pleading filed in another action rendered inadmissible by the fact that such action was brought in a state other than that in which it is sought to use the pleadings as evidence."

In support of the above proposition, authorities are cited thereunder from practically every state in the Union. In the case of First National Bank v. Hogan, 185 S. W. 880 (writ refused), it was held by the Court of Civil Appeals at Amarillo that a pleading filed by the bank in a suit in the federal court was admissible in the trial of a suit by a different party filed against said bank in the state court, as an admission against interest. The evidence in this case shows that the at-

torney who filed and swore to the pleadings in the Jackson Case was the attorney for appellant in said case, and was also one of the attorneys for appellant in this case, and, under the weight of authority, we think any portions of said pleadings that contained any admissions against appellant which were material to the issues in this case were admissible in evidence. 10 R. C. L. 1119; Greif & Bro. v. Seligman (Tex. Civ. App.) 82 S. W. 533; Seligmann v. Greif & Bro. (Tex. Civ. App.) 109 S. W. 214; P. & N. T. Ry. Co. v. Blasengame, 42 Tex. Civ. App. 66, 93 S. W. 187; Pope v. Allis, 115 U. S. 363, 6 S. Ct. 69, 29 L. Ed. 393; Johnson v. Russell, 144 Mass. 409, 11 N. E. 670; Allen v. United States Fidelity Co., 269 Ill. 234, 109 N. E. 1035; Ayres v. Hartford Fire Ins. Co., 17 Iowa, 176, 85 Am. Dec. 553.

[7] Appellant contends that the pleadings filed by an attorney could not be used as admissions against the corporation, because a corporation can only act through its regularly constituted officers, and because said statements are necessarily in the nature of hearsay and ex parte, and an attorney cannot in one case make admissions that will bind a corporation in another and different suit. We see no reason why there should be any difference with reference to the admissibility of pleadings as admissions whether filed by attorneys for an individual or for a corporation. Attorneys are both agents and attorneys for their clients in the matters in which they are employed, and are presumed to obtain the information contained in the pleadings filed by them from their clients. 3 Am. & Eng. Ency. 347. We do not think there was any error in the trial court's admitting said pleadings in evidence.

For the errors herein indicated, the judgment of the trial court is reversed, and the cause remanded.