**NATIONAL CATTLE LOAN CO. v. ARMSTRONG et al.  (No. 11973.)**

Court of Civil Appeals of Texas. Fort Worth. June 9, 1928.

Rehearing Denied but Judgment Reformed July 14, 1928.

1. **Evidence ⊛➾208(3)—Pleading filed by plaintiff's attorney in another court in suit between different parties held admissible as admission against interest.**

Pleading filed by attorneys for plaintiff in another court in a suit between different parties *held* admissible as admission against interest, after establishing that facts admitted were the same facts at issue and that pleading was prepared, signed, and filed by duly authorized attorneys of pleader.

2. **Evidence ⊛➾210—Depositions of corporate president in different suit involving same issues of fact held admissible as admission against interest.**

Depositions by president of plaintiff corporation, filed in suit in another court between different parties, which were expressly referred to and adopted in pleading filed by corporation in such other suit, *held* admissible as an admission against interest in subsequent trial involving same issues of fact.

3. **Bills and notes ⊛➾239—Indorser, having no knowledge that money was advanced by one other than payee and there was neither actual nor constructive delivery, is not liable.**

Where indorser on note at time of indorsement did not have knowledge that payee therein was not the person advancing money to note and that, there was neither actual nor constructive delivery to payee, indorser was not liable thereon as such.

4. **Statutes ⊛➾281—Law of another state, to base relief thereon, must be pleaded.**

It is necessary to plead the law of another state, if any relief is based thereon.

5. **Evidence ⊛➾80(1)—Law of another state, in absence of pleading, will be presumed the same as law of forum.**

In the absence of a pleading of law of another state, it will be presumed that the law of that state is the same as the law of the forum.

6. **Statutes ⊛➾281—Failure to plead statutes of another state relative to usury precluded admission of evidence thereon (Rev. St. 1925, art. 5074).**

Failure to plead statutes of another state relative to usurious interest precluded admission of evidence as to usury, since, under Rev. St. 1925, art. 5074, no evidence of usurious interest as defense shall be received unless specially pleaded and verified by affidavit.

7. **Statutes ⊛➾281—Admitting testimony as to usury under laws of another state, without pleading such law, held error.**

Admission of testimony to effect that interest charged in note sued on was usurious under laws of another state, without having pleaded such law, *held* error.

8. **Appeal and error ⊛➾232(3)—Appellant, failing to object to charge as on weight of evidence, cannot complain thereof on appeal.**

Appellant, having failed to object to charge during trial of cause as being on the weight of evidence, is in no position to make such complaint on appeal.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by the National Cattle Loan Company against George W. Armstrong and others. From the judgment, plaintiff appeals. Affirmed.

Bryan, Stone, Wade & Agerton, of Fort Worth, for appellant.

Cantey, Hanger & McMahon, of Fort Worth, and Bailey & Bailey, of Dallas, for appellees.

DUNKLIN, J. The National Cattle Loan Company, a private corporation chartered under the laws of the state of Delaware, having its domicile and principal place of business at National Stockyards, St. Clair county, state of Illinois, and also having a permit to do business in the state of Texas, instituted this suit against George W. Armstrong and the copartnership firm of George W. Armstrong & Sons, composed of George W. Armstrong, Allen J. Armstrong, and George W. Armstrong, Jr., and against the individual members thereof, and also, against John H. Kirby, to recover judgment on seventeen promissory notes, dated June 23, 1922, payable January 9, 1923, the aggregate sums of which amounted to $137,152, with interest thereon from maturity at the rate of 10 per cent. per annum, and 10 per cent. of the principal and interest as attorneys' fees.

All of the notes were made payable to the order of the National Stockyards National Bank, National Stockyards, Ill. They were executed by the partnership firm of "George W. Armstrong & Sons" as makers, and, at the time of such execution and before delivery, they were indorsed on the back thereof by defendants George W. Armstrong and John

---

⊛➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

H. Kirby. The notes also bear the indorsement of the National Stockyards National Bank without recourse.

Plaintiff alleged in its petition that the bank for a valuable consideration indorsed, transferred, and delivered the notes to it, and that defendants had become jointly and severally liable to it for the principal, interest, and attorneys' fees sued for. Usury was one of the defenses pleaded by defendant George W. Armstrong; that plea being based upon allegations that the notes were made payable in the state of Illinois to a bank organized and existing under the National Banking Act, and having its domicile and doing business at National Stockyards, Ill., and that the notes, which were renewals of former notes, included interest in excess of 7 per cent. per annum, aggregating the gross sum of $108,000, and therefore were usurious.

Defendant George W. Armstrong further pleaded, and the evidence showed, his discharge in bankruptcy. No answer was filed by the partnership firm of George W. Armstrong & Sons.

Defendant John H. Kirby filed an answer, in which he alleged, and the evidence showed, that he was an accommodation indorser only. His answer contained these further allegations:

"This defendant denies that the said notes herein sued upon were delivered, assigned, and indorsed for a valuable consideration by the National Stockyards National Bank to the plaintiff herein; but alleges, on the contrary, that, while said notes were made payable to the National Stockyards National Bank, of National Stockyards, Ill. (and this defendant accepted and believed that bank to be the true payee), the notes were intended to be and were actually delivered to an entirely different payee, viz. the National Cattle Loan Company; that the delivery to the National Stockyards National Bank was in form only and without consideration, but that the money, if any such was advanced on said notes, was advanced by the National Cattle Loan Company; that the National Stockyards National Bank never received and held said notes for themselves, and never received any consideration for their indorsement or transfer thereof, but, on the contrary, said notes, while made payable to the order of the National Stockyards National Bank, were intended to be and were actually delivered to and held by a different payee, which is plaintiff in this case."

The case was tried before a jury and the following are the special issues submitted to them, together with their findings thereon:

"Question 1. What notes, if any, included in the amount of $137,152 in evidence before you, were received by the National Stockyards National Bank, acting as agent for and in behalf of the National Cattle Loan Company? Ans. All.

"Question 2. What notes, if any, included in the amount of $137,152 in evidence before you were received and paid for by the National Stockyards National Bank for and in behalf of itself? Ans. None."

Judgment was rendered denying plaintiff any recovery against either George W. Armstrong, individually, or the defendant John H. Kirby; the finding in favor of Armstrong being upon the defense filed that he had been discharged in bankruptcy. Judgment was rendered in favor of the plaintiff against the partnership firm of George W. Armstrong & Sons, composed of George W. Armstrong, Allen G. Armstrong, and George W. Armstrong, Jr., but not against the individual members thereof, for the sum of $70,274.24, which the court found was the balance due upon the notes sued on, after eliminating therefrom the amount held to be usurious interest under the laws of the state of Illinois; the judgment in favor of the individual members of the firm of George W. Armstrong & Sons being by reason of the finding by the trial court that each and all of them were notoriously insolvent.

This appeal has been prosecuted by the plaintiff, but no complaint is made of the judgment in favor of defendant George W. Armstrong, nor that of the individual members of the partnership firm of George W. Armstrong & Sons. And while there is an assignment of error for failure to render judgment against the partnership firm for the full amount claimed, the same cannot be considered because it is not presented as a proposition within itself, nor has any proposition been submitted based thereon.

The judgment recites that, by reason of the findings made by the jury, which are set out above, the defendant John H. Kirby did not become liable on the notes by reason of his indorsement thereon. The evidence offered by the defendants to sustain those findings by the jury consisted chiefly of a pleading that had heretofore been filed by the National Cattle Loan Company, appellant here, in the chancery court of Adams county, Miss., in a suit then pending in that court, styled "George W. Armstrong, Complainant, v. National Stockyards National Bank et al., Defendants." The pleading begins as follows:

"Now comes the National Cattle Loan Company, a corporation, which has been made defendant in this cause by the amended bill herein filed by B. K. Isaacs, trustee in bankruptcy of George W. Armstrong, the original complainant, and publication for said defendant as a nonresident of Mississippi, and which now enters its appearance in this suit by its attorneys and answers the original and amended bills herein filed, and for answer to so much and such parts of said bills as it is advised that it is material or proper for it to answer, says."

Then follow allegations to the effect that the notes sued on in that case, which are the same as the ones sued on in this case, were renewals of former notes, the renewals being from time to time, beginning in the year 1917; that the loans represented by those notes were made by the National Cattle Loan Company, through Wirt Wright, its

president, at its principal office at National Stockyards, Ill., which was likewise the domicile and place of business of the National Stockyards National Bank; that Wirt Wright was the president of both of those corporations; that the National Cattle Loan Company was engaged in rediscounting and selling notes taken by it to purchasers throughout the country, and that the bank named would sometimes purchase notes taken by the same loan company upon the indorsement of the latter company. It was further alleged in that pleading that Wright, the president, without legal advice, made the notes sued on as well as those which were merged into them by way of renewal, payable to said bank instead of in the name of the National Cattle Loan Company, who, in fact, advanced the money for which the notes were given and was the owner of those notes; in other words, that, in taking the notes payable to that bank rather than the National Cattle Loan Company, the bank was acting as the agent of the latter company. That pleading contained this further allegation:

"Defendant further says that there is now on file in this cause, in reply to interrogatories of said George W. Armstrong, a full and complete statement with reference to the original loans to said Armstrong, with all renewals thereof showing character of notes, rates of interest, interest charged and all other matters pertaining to said transaction, and defendant now specially refers to said statement, which was made and sworn to by Wirt Wright, president of said bank, June 15, 1923, and which, with its several exhibits, was filed herein on the 30th day of July, 1923, and avers that it is a complete statement of said transactions."

[1] To the introduction of that pleading, the plaintiff objected on the following grounds: That it was immaterial to any issue made in this case; that the pleading was in a court in a foreign state; that neither George W. Armstrong nor John H. Kirby was a party to that suit; and on the further ground that the pleading was not verified, did not bear the signature of the plaintiff or of any of the officers, but merely purported to be the product of some of its attorneys, and because the particular notes sued on are not described in that pleading. The pleading referred to above was offered in evidence as an admission by the plaintiff against its interest, and we believe that it was admissible upon that theory; and we believe further that it is immaterial that it was filed in another court in a suit between different parties to some extent, since in the former suit the National Cattle Loan Company was claiming the ownership of said notes and the right to recover thereon, just as in the present suit.

The only predicate necessary to be established for the introduction of the pleading was that the facts admitted. are the same facts in issue in the present suit, and that

the pleading was prepared, signed, and filed by the duly authorized attorneys of the pleader in that suit, who, it appears, were the same attorneys who appeared for plaintiff in this suit. We believe our conclusion is supported by the decision in H. E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877, in which it was held that an abandoned pleading is admissible in evidence as an admission against interest of the party filing it, and that it makes no difference that the pleading is not signed by the party himself, but by attorneys. To a like effect are many other decisions of this state which might be cited, such as Austin v. Jackson Trust & Savings Bank, 59 Tex. Civ. App. 155, 125 S. W. 936, by the San Antonio Court of Civil Appeals, writ of error denied; First National Bank of Hereford v. Hogan (Tex. Civ. App.) 185 S. W. 880; Warburton v. Wilkinson (Tex. Civ. App.) 182 S. W. 711. In the last-cited case, the following was said:

"No reason can be given why the voluntary admissions of a litigant cannot be used against him, no matter where nor under what circumstances they were made"—citing numerous decisions in support of that announcement.

In 22 Corpus Juris, p. 133, the following is said:

"It is well established that an admission contained in a pleading in one action may be received in evidence against the pleader on the trial of another action, the rule in this respect being the same whether the actions are both at law, both in equity, or one in equity and the other at law. It is not essential that both actions should be in the same court, but admissions made in the pleadings filed in a federal are competent in a state court, and vice versa; nor is a pleading filed in another action rendered inadmissible by the fact that such action was brought in a state other than that in which it is sought to use the pleading as evidence. Indeed it is not even necessary that the court in which the pleading was filed should have had jurisdiction of the action in which it was filed. It is, however, essential that the statement in the pleading should be relevant and material to the issues involved in the action in which it is sought to be used, although it is not necessary that the offer should be limited to the parts of the pleading containing the admissions, where the remainder is not prejudicial."

Numerous authorities from different states are cited to support that announcement in the text.

Several decisions cited by appellant, such as Sullivan & Co. v. Ramsey (Tex. Civ. App.) 155 S. W. 580, and Mo. Pac. Ry. Co. v. Heidenheimer, 82 Tex. 195, 17 S. W. 608, 27 Am. St. Rep. 861, are distinguishable from the present case, in that the abandoned pleadings offered in evidence did not purport to be the pleadings of the party to the suit on trial against whom it was offered, or the issues presented thereby were different from the issues on trial.

Another assignment is addressed to the admission of the testimony of Wirt Wright, taken in the same chancery court of Mississippi in which the pleading last discussed was filed. The objection to the depositions was on the ground that the portion offered was only a part of the whole; that it was an ex parte deposition, and the admission of it would be in contravention of the statutes of this state forbidding the taking of ex parte depositions when a corporation is a party to a suit. The depositions seem to have been signed "National Cattle Loan Company, by Wirt Wright, President," and were taken ex parte. The facts stated in the deposition were substantially the same as those alleged in the pleading filed in same court and referred to above. Appellant invokes the rule of evidence to the effect that the declarations or admissions of the agent are not admissible against the principal, unless made in the course of the performance of the duties of his employment and pertinent and contemporaneously therewith.

[2] Aside from that rule, we believe there was no reversible error in admitting the depositions complained of, when offered as admissions against interest, since the statements therein were expressly referred to and adopted in the pleading filed in the chancery court of Mississippi, as appears in the quotation therefrom above shown; and which pleading we have already concluded was properly admitted in evidence.

No testimony was offered by appellant to show that the allegations made in the pleading filed in the chancery court of Mississippi were made through mistake or that the same were untrue, or that their attorneys who filed the same were not authorized by the plaintiff to make the same, although all such matters were peculiarly within the knowledge of appellant, and although Mr. Wade, one of the members of the firm of attorneys whose names are signed to that pleading, testified in this case relative to negotiations with George W. Armstrong which led up to the execution of the notes sued on herein and of the chattel mortgage given to secure the same.

We conclude that the evidence was sufficient to support the findings of the jury upon the issues submitted to them. The evidence further showed without contradiction that at the time John H. Kirby indorsed the notes he had no notice of the facts so found by the jury.

[3] The principal question involved in this appeal is whether or not under the facts found by the jury and the lack of knowledge by John H. Kirby of those facts at the time he indorsed the notes, he is liable thereon as an indorser, as insisted by appellant. We have reached the conclusion that that question should be answered in the negative. We base our conclusion upon the decision of the Commission of Appeals, which was adopted by our Supreme Court, in the case of Rabb v. Seidel, 250 S. W. 420, in which, as we construe the opinion, the same conclusion was reached upon substantially the same question involved, after a review and discussion of many conflicting authorities on the same question. While there are some distinguishing features pointed out in the Rabb Case, the question here involved was in fact discussed and determined. In the opinion in that case, it appears that Rabb was an accommodation indorser of a note made payable to the order of Wilson and Priday, who indorsed the same to William Seidel, the plaintiff in the suit, who advanced the money thereon to the maker. The court held that the facts showed that there was neither actual nor constructive delivery to the payees. Nondelivery and nonacceptance was one of the grounds for the conclusion reached by the court that Rabb, the indorser, was not liable on the note. But the decision was also based upon another ground which is expressed in the language of the court, as well as in a quotation made from a decision in the case of Clinton Bank v. Ayres, 16 Ohio, 288, to the effect, that the surety might be willing to indorse a note to some particular creditor, in whose business judgment he had confidence, who would not likely lend the money except upon his belief in the ability of the maker to pay it, and who would not dispose of the note, but would not be willing to indorse the note to one who is a personal enemy of the surety, or who would probably exact harsh terms in the collection thereof; that the surety might be willing to indorse a note to enable the maker to secure ready cash thereon for use in his business, but unwilling to become a surety for an old debt. That holding is a conclusion of law governing negotiable instruments, and, according to the decision, the indorser may successfully invoke it to avoid liability without the necessity of proving that his indorsement was induced by reason of any of the considerations mentioned. And it is to be noted here that there was no testimony to show that John H. Kirby was induced by any of those considerations to indorse the note in suit.

Numerous authorities are cited by appellant in conflict with the decisions in Rabb v. Seidel, supra. Those authorities will not be discussed since the decision of our own Supreme Court in the latter case is controlling.

[4, 5] Another assignment of error is presented to the admission of the testimony of George W. Armstrong to the laws of the state of Illinois, and also of the statutes of Illinois, according to which interest in excess of 7 per cent. per annum is usurious, and when a contract is made for the payment of more than 7 per cent. interest nothing but the principal of the debt can be collected. While Armstrong pleaded usury, he did not plead

the statutes of the state of Illinois, which he offered in evidence. His pleading of usury failed to designate the particular state whose statutes forbidding usury were invoked. It is a familiar rule that it is necessary to plead the law of another state if any relief is based thereon. Kinney v. Tri-State Tel. Co. (Tex. Civ. App.) 201 S. W. 1180, and authorities there cited. It is also the rule, that, in the absence of a pleading of law of another state, it will be presumed that the law of that state is the same as the law of the forum. Givens v. Givens (Tex. Civ. App.) 195 S. W. 877.

Article 5074, Rev. Statutes of 1925, reads:

"No evidence of usurious interest as a defense shall be received on the trial of any case, unless the same shall be specially pleaded and verified by the affidavit of the party wishing to avail himself of such defense."

[6, 7] The failure of Armstrong to plead the statutes of the state of Illinois was made one of the grounds of objection to the evidence referred to above, and the court erred in overruling that objection. Over the objection on the part of plaintiff, the court also admitted the testimony of L. T. Kennedy, to the effect that the interest charged in the notes sued on was usurious under the laws of Mississippi. That testimony was the only proof offered of the laws of Mississippi on that issue. And for the same reason we conclude that there was error in admitting that testimony.

The notes in controversy were not tainted with usury under the statutes of the state of Texas.

As noted already, neither the maker of the note nor Kirby, the indorser, filed any plea of usury, and the pleading of usury by George W. Armstrong was insufficient to show usury under the laws of the state of Illinois or Mississippi. In view of our foregoing conclusions that Kirby was not liable as indorser upon the notes for the reasons stated, it is unnecessary for us to determine the further question whether or not, in the absence of such conclusion, this court could, in any event, hold him liable as indorser for more than the amount of the judgment rendered against the partnership firm of George W. Armstrong & Sons, the maker of the note, in view of the failure of appellant by proper assignment to present any assignment to that judgment which allowed the maker a deduction of interest by reason of the court's findings that the same was usurious.

[8] In the absence of any such objections to the charge during the trial of the cause, appellant is in no position to complain here that the same was on the weight of the evidence.

For the reasons noted, the judgment in favor of appellee Kirby is affirmed; in all other respects, the judgment of the trial court is left undisturbed.

On Motion for Rehearing.

Our attention is called to a proposition in appellant's brief based on several assignments of error as a group, which appellant insists was sufficient to present the contention made in one of those assignments, that the trial court erred in failing to render judgment in appellant's favor against the partnership firm of George W. Armstrong & Sons, for the full amount of principal, interest, and attorney's fees, claimed to be due on the notes sued on. Since that firm filed no answer to the suit and no briefs in this court, we have concluded that any doubt of the sufficiency of the proposition referred to should be resolved in favor of appellant; and accordingly the judgment of the trial court will be and it is hereby so reformed as to decree a recovery by appellant as of date July 28, 1927, when the judgment of the trial court was rendered, against the appellee partnership firm of George W. Armstrong & Sons, composed of George W. Armstrong, Allen J. Armstrong, and George W. Armstrong, Jr., for the sum of $219,511.74, with interest thereon from July 28, 1927, at the rate of 10 per cent. per annum and that appellant have its execution thereon for said amount and costs of suit. The sum so named is the amount of principal, interest, and attorneys' fees, stipulated in the notes sued on; the judgment of the trial court against said firm for a sum less than that amount on account of the plea of usury by George W. Armstrong individually being erroneous.

In our original consideration of the record we overlooked an objection made by appellant upon the trial in the lower court to issue No. 1, submitted to the jury and copied in our former opinion, on the ground that the issue "is on the weight of the evidence, in that it assumes and indicates to the jury as a fact that plaintiff (evidently meaning the bank) in receiving the notes mentioned did act as the agent for and in behalf of National Cattle Loan Company."

Appellant's briefs embody an assignment of error and a proposition thereunder, complaining of alleged error in that issue as pointed out in said objection. However, neither under the proposition nor in the motion for rehearing, has appellant pointed out any evidence to show that issue No. 1 was a controverted issue of fact. In other words, no evidence is pointed out tending to prove that the National Stockyards National Bank did not receive the notes mentioned as the agent for and in behalf of the National Cattle Loan Company. As pointed out in our opinion on original hearing, defendants offered in evidence, a pleading filed by the National Cattle Loan Company, who is appellant here, in the chancery court of Adams county, Miss., containing allegations to the effect that the National Stockyards National Bank, in taking

the notes payable to itself, acted as the agent of appellant. If that evidence was uncontradicted, the court could assume it to be true in submitting the issue, hence there could be no reversible error by reason of the form in which issue No. 1 was submitted, and, since the burden is upon plaintiff to show such error, the assignment must be overruled.

As shown in our former opinion, the pleading filed by appellant in the chancery court in Adams county, Miss., expressly referred to and adopted as true the depositions of Wirt Wright as president of the National Stockyards National Bank and in the name of and for that bank. In view of that evidence, appellant is in no position to object to the introduction of that deposition on the ground that it was the deposition of the bank only and therefore hearsay and inadmissible against appellant.

With the correction above noted of our original opinion, the motions for rehearing and to certify are overruled.