### LUFKIN, H. & G. RY. CO. v. BENNETT et al. (No. 1475.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 5, 1927.)

1. **Damages** ☞188(1)—**Evidence of probable harvesting and marketing cost held necessary before there could be basis for judgment for destruction of crops.**

Evidence of market value of growing crops *held* insufficient to sustain damage judgment for their destruction, without additional evidence showing the estimated cost of harvesting and marketing.

2. **Pleading** ☞18—**Petition for damages to crops, though allegations were general and somewhat lacking in clarity, held good against general demurrer.**

Although some of the allegations were very general in a petition asking damages for negligence of a railroad, resulting in the destruction of plaintiff's crops, and the exact cause of the destruction was not very clear, the petition was *held* good against a general demurrer.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Action by Mrs. A. J. Bennett and another against the Lufkin, Hemphill & Gulf Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

R. E. Minton, of Lufkin, and Minton & Minton, of Hemphill, for appellant.

Mooney, Adams & Hamilton, of Jasper, and Hamilton & Hamilton, of Hemphill, for appellees.

HIGHTOWER, C. J. The appellees in this case recovered a judgment in the district court of Sabine county against appellant railway company, amounting to $1,000, upon the verdict of a jury returned in response to special issues. The nature of appellees' cause of action, stated in substance, was that on account of appellant's negligence in failing to construct necessary sluices, drains, and culverts, etc., under its railroad track, and in consequence of its negligence in permitting its barrow pits to become stopped up with trash, weeds, and other débris, a certain creek in that immediate vicinity was caused to overflow, and that water in connection with other surface water was caused to flood upon and over the farm of the appellees in Sabine county, injuring and destroying the growing crops thereon for the years 1923 and 1924. These crops were cotton, corn, and cane for the year 1923, and cotton, corn, cane, and peanuts for the year 1924.

Appellant answered by general demurrer, certain special exceptions, a general denial, and specially interposed other defenses in bar of the suit.

[1] The jury found that the market value of the appellees' crop that was destroyed in 1923 was $300, and that the market value of the crop that was destroyed in the year 1924 was $700. Judgment was entered in favor of appellees upon this verdict. One of the contentions advanced for reversal by appellant is, in substance, that the evidence adduced upon the trial was wholly insufficient to sustain the finding of the jury as to the value of the crop for either the year 1923 or the year 1924, and, upon inspection of the record in connection with this contention, we have reached the conclusion that this contention must be sustained. The only evidence showing the value of the crops that were destroyed for either year was that of two of the appellees, and their evidence was, in substance, that cotton was worth so much in the harvest season of the year 1923, and corn so much, and cane so much, and the same character of evidence in the harvest season for the year 1924. In other words, there is no evidence of what would have been the further cost of cultivating any of the crops from the time they were damaged or destroyed to maturity, nor was there any evidence of what the proper and reasonable cost would have been for gathering the crop after maturity, nor was there any evidence as to what the probable and reasonable cost would have been for getting the crops to the market during either of the years for which damages were recovered by appellees. Evidence of this kind was required, as our appellate courts hold, before there would be any basis for a judgment in favor of the appellees for the destruction or damage to their crops. The question seems so thoroughly settled in

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(291 S.W.)

this state that we will merely cite the leading authorities in support of the conclusion reached by us. I. & G. N. Railway Co. v. Pape, 73 Tex. 501, 11 S. W. 526; Raywood Rice Canal & M. Co. v. Langford Bros., 32 Tex. Civ. App. 401, 74 S. W. 926; Texas & P. Railway Co. v. Bayliss, 62 Tex. 570.

[2] Appellant further contends in this court that there is fundamental error in the judgment apparent upon the face of the record. It is contended in this connection that the petition of appellees stated no cause of action upon its face—that is, that it was subject to general demurrer—and that, while there is no showing in the judgment as to what disposition was made of the general demurrer, nevertheless, from the fact that the petition is subject to general demurrer, as claimed here, that fundamental error is shown. We disagree with learned counsel for appellant in the contention that the appellees' petition is subject to general demurrer. While it is very general in some of its allegations, and the intention of the pleader as to what caused the destruction of appellees' crops is not as clear as it might be, nevertheless, as against a general demurrer, the petition was good. This, however, will be cured, in all probability, upon another trial, if there should be one.

All other contentions advanced by appellant are overruled.

Because of the insufficiency of the evidence to sustain the jury's finding as to the value of the crops that were injured and destroyed, the judgment is reversed and the cause remanded, and it has been so ordered.