## MEGARGEL OIL & REFINING CO. v. WEST.
### (No. 11975.)

Court of Civil Appeals of Texas. Fort Worth. May 19, 1928.

**1. Mines and minerals ⊝125—Evidence held not to sustain finding of $450 damage to crops from overflow of crude oil.**

In action for damages to plaintiff's grass, garden, and cotton crop, and injury to horses and cow resulting from overflow of crude oil into stream running through plaintiff's land, evidence *held* insufficient to sustain finding of $450 as damage done to plaintiff's crop.

**2. Mines and minerals ⊝125—Plaintiff has burden of showing, not only alleged damage to crops from overflow of crude oil, but also extent of damage.**

Plaintiff suing for injuries to crops from overflow of crude oil has burden of showing by preponderance of competent testimony, not only that his crops were damaged, but also extent of such damage.

**3. Mines and minerals ⊝125—Evidence held insufficient to warrant submission of issue of damage to cotton crop from overflow of crude oil.**

In action for damages to plaintiff's grass, garden, and cotton crop and injury to live stock from overflow of crude oil which ran into stream passing through plaintiff's land, evidence of damage to cotton crop *held* insufficient to justify submitting issue of damage thereto, in view of plaintiff's failure to show extent of damage.

Appeal from Archer County Court; H. V. Pearston, Judge.

Action by U. G. West against the Megargel Oil & Refining Company and others. Judgment for plaintiff against named defendant, and it appeals. Reversed and remanded for another trial.

Kenley, Dawson & Holliday, of Wichita Falls, for appellant.

L. C. Counts, of Olney, and R. S. Morrison, of Archer City, for appellee.

CONNER, C. J. This suit was instituted by appellee, U. G. West, against the Megargel Oil & Refining Company, the Petroleum Corporation, and M. S. and L. I. Bennett, doing business as partners under the firm name of K. M. A. Fuel Oil Company, to recover damages in the sum of $850 to his grass, garden, and cotton crop, and for the injuries to two horses and one cow, all of which the plaintiff alleged was caused by defendants, "act-

---

ing in concert," carelessly and negligently permitting waste of large quantities of crude oil and its products to escape from tanks and reservoirs and run into and overflow a small branch that passed through plaintiff's premises, as a result of which said crops had been destroyed and his said stock fatally injured by drinking the waters thereby polluted.

The plaintiff dismissed his suit as against the defendants Petroleum Corporation and the K. M. A. Fuel Oil Company and its members, and the cause proceeded to trial as against the Megargel Oil & Refining Company alone, which answered by a general demurrer and a general denial.

In answer to special issues 1 to 4, inclusive, the jury found that in 1926 the plaintiff had rented and was in possession of the premises described in his petition and thereon had growing crops of garden products, melons, cotton, and pasture grass which were overflowed with water intermixed with quantities of crude oil, which the "defendants" negligently permitted to waste and escape from the refinery, tanks, and reservoirs operated by them. Special issues 5 and 6, with the jury's answers thereto, are as follows:

"Issue No. 5. Do you find that plaintiff suffered any damages to his said grass and crops of cotton, garden, and melons caused by overflowing crude oil from said refinery, tanks, and reservoirs of and belonging to and operated by the defendants? Ans. Yes.

"Issue No. 6. If you have answered 'Yes' to issue No. 5, then what do you find to be the amount of damages, if any, the plaintiff sustained to his said crops and grass by reason thereof? Ans. $450."

In answer to the remaining issues, 7, 8, 9, and 10, the findings were that the oil contaminated and rendered the water in plaintiff's pasture unfit for use and injurious to stock, and that two of plaintiff's horses died and one of his cows was injured as a result of drinking the water. The value of the horses was fixed at $50 for one and $40 for the other, and $10 was awarded for injury to the cow.

Upon the findings so rendered, the court entered judgment for the plaintiff for $550, with interest at the legal rate from September 23, 1927, from which judgment the defendant Megargel Oil & Refining Company has duly prosecuted this appeal.

[1] It is urged, among other things, that the evidence is insufficient to sustain the answers of the jury to special issue No. 6, and we think the contention must be upheld. As pleaded, the cotton, garden, and grass were separately itemized and valued. The testimony was to the effect that the cotton was growing, unmatured, and ungathered; that, as alleged in plaintiff's petition, the value of the grass destroyed was $50, the value of the garden and melons was also $50; that at the first picking of the season in 1926 cotton

was worth 18 cents a pound at Olney, Tex., where he marketed his cotton, some 10 miles distant; that the price of cotton on the market declined rapidly below 18 cents a pound during the picking season, and finally dropped to a price in the latter part of the season to where it did not pay to pick; that only 10 of his 30 acres in cotton had been damaged; that the 10 acres damaged was in the low ground and the best cotton that he had; that off of that 10 acres he had been able to gather only about 160 pounds, though, if undamaged he thought it would have made a little better than a half bale to the acre. No testimony was offered as to what would have been the cost of gathering, transporting, and marketing the cotton.

As already noted, the jury found $450 as the damage done to appellee's crops. It is altogether improbable that, in assessing damages to appellee's garden and grass, a greater amount was allowed by the jury than as alleged for these items in plaintiff's petition, so that it seems reasonably certain that the findings of the jury for the damage to the cotton was $350, the only basis for which was the testimony of appellee relating to the market price of cotton at Olney.

Among other things, appellant objected to the submission of issue No. 5, on the ground that the evidence did not raise the issue of damage to the cotton, and in his motion for new trial, which was overruled, objected to the finding of the jury on the same ground, and error has been assigned to these rulings.

In the case of I. & G. N. Ry. Co. v. Pape, 73 Tex. 501, 11 S. W. 526, Judge Gaines, citing the case of Gulf, C. & S. F. Ry. Co. v. Helsley, 62 Tex. 596, had this to say:

"What an article will bring in the market, when no other article of a like character has been sold, is necessarily a matter of conjecture. It follows that in such a case some other method must be resorted to for the purpose of ascertaining its value. It seems to us that, as a general rule, the most satisfactory means of arriving at the value of a growing crop is to prove its probable yield under proper cultivation, the value of such yield when matured and ready for sale, and also the expense of such cultivation, as well as the cost of its preparation and transportation to market. The difference between the value of the probable crop in the market, and the expense of maturing, preparing, and placing it there, will in most cases give the value of the growing crop with as much certainty as can be attained by any other method. But proof of the additional amount of cotton which the plaintiff would have made but for the overflow, and the value of such cotton when ready for market, without evidence as to the expense of cultivating, gathering, preparing it for and placing it in market, did not show the value of the crop at the time of the injury, and hence did not afford the proper means of increasing the plaintiff's damage. The testimony, without the additional evidence of the expense of maturing the cotton and placing it in market, should have been excluded."

In the case of Lufkin, H. & G. Ry. Co. v. Bennett, 291 S. W. 270, it was held by the Beaumont Court of Civil Appeals, quoting from the headnote, that:

"Evidence of market value of growing crops *held* insufficient to sustain damage judgment for their destruction, without additional evidence showing the estimated cost of harvesting and marketing."

The case of Western Oil Fields Corp. v. Nowlin, 288 S. W. 554, by the Waco Court of Civil Appeals, was one in which Nowlin claimed to have suffered damages by reason of the corporation having permitted crude petroleum, salt water, and other deleterious substances to escape from oil wells which it was operating on the watershed of Jack's creek and Navasota river. The crops involved had not matured or been gathered, and the evidence of the value offered was what the gathered crops would have brought on the market, but there was no showing what it would have cost Nowlin to cultivate and gather the crops. It was held in the opinion by Mr. Justice Barcus that the issue as to the value of the crops was erroneously submitted, and that the value of a growing crop destroyed is the difference between the value of a probable yield under proper cultivation when matured and ready for sale and the expense of such cultivation and marketing.

[2, 3] The burden was undoubtedly upon appellee in this case to show by a preponderance of competent testimony, not only that his crops were damaged, but also the extent of such damage, and we conclude, under the authorities cited, that the court erred in submitting the issue of damage to appellee's cotton, and particularly erred in overruling appellee's objection that the evidence failed to sustain the verdict of the jury, which clearly embodied a finding that appellee was entitled to recover for such damage.

Appellee did not plead that the heavy rain causing the overflow in question was of a character to be classed as an act of God, but, as already noted, it was alleged in plaintiff's petition that all persons originally made parties to the action were jointly guilty of the wrongs complained of, and there was evidence tending to show that the overflow was caused by heavy rain on the watershed, upon which was located a number of pumping oil wells operated in the Swastki oil field; that the K. M. A. Oil Company operated a plant on the premises of the appellant company upon which and around which more or less waste and oil would find its way upon the ground. In view of this state of the pleading and evidence, appellant has made numerous other objections to the charge of the court, but, inasmuch as we cannot know what will be the state of the pleading and proof upon another trial, we think the objections here referred to may be

sufficiently disposed of by the suggestion that the issues of damage to the cotton, grass, horses and cow, and garden, be submitted, as alleged in plaintiff's petition, separately and that by proper definitions of "proximate" or "sole cause," the jury be given to clearly understand that all damage, if any, arising from causes other than as alleged, and other than as has been proximately caused by the negligence of the Megargel Oil & Refining Company, should be excluded from consideration.

For the reasons indicated, judgment is reversed, and the cause remanded for another trial.